THE CHICAGO, ROCK ISLAND AND PACIFIC R. R. Co.

*v.*

JOHANNA AUSTIN, Admx.

1. DEATH BY NEGLIGENCE—*instruction as to damages.* On the trial of an action under the statute to recover damages for the killing of a person through negligence, the court instructed the jury, if they believed, from the evidence, that the plaintiff was entitled to recover, they should render a verdict for no more than $5000: *Held,* that the instruction, in a doubtful case, was calculated to improperly influence the jury to render a verdict for a large amount.

2. So, an instruction that, if the jury believed, from the evidence, the plaintiff should recover, it was proper for them, in finding the damages, to take into consideration the support of the widow and children of the deceased, and the instruction and moral training of the children, and their ages, and the pecuniary condition of the widow and children, where there was no proof tending to show that the deceased was fitted by nature or education, or by disposition, to furnish his children instruction, or moral, physical or intellectual training, was held to have been improperly given.

3. NEGLIGENCE—*stopping train on supposition a party near the track would get on the same.* The servants of a railroad company in charge of a moving train are not bound to stop the same because a person ahead is walking near the track and in a line nearly parallel with it, or because a vehicle is seen slowly approaching the track, or standing a few yards from it, for they will have good reason to suppose that the person so walking or in charge of the vehicle will not attempt to cross until the train has passed; and should such person suddenly get upon the track and get injured or killed in so doing, the fault will not be that of the company or its agents, unless their conduct be so grossly careless as that the exercise of proper and reasonable caution by the party injured or killed could not have protected him.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. THOMAS F. WITHROW, for the appellants.

Messrs. HOYNE, HORTON & HOYNE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, under the statute, to recover damages for the death of plaintiff's husband, on whose estate she is administratrix, the death being caused by the negligence of the servants of the railroad company, appellants here.

The jury found a verdict for forty-two hundred and fifty dollars in damages, on which the court rendered judgment, having overruled defendants' motion for a new trial.

We have examined the evidence very carefully, as it is spread upon the record, and whilst we are of opinion there is great doubt how the verdict should be, we do not feel author-

ized, in view of previous rulings of this court, to reverse the judgment on the ground that it is contrary to the evidence. The evidence was very conflicting and unsatisfactory on the point of negligence by the company; yet, if the jury saw the witnesses, noticed their manner, and had a knowledge of surrounding circumstances, they occupied a better position than we do, to arrive at the truth.

But it is complained, by appellants, improper instructions were given for the plaintiff, and proper ones refused to the defendants.

In examining the instructions, which are very voluminous on both sides, and for the most part given as asked, we have directed our attention to the fifth and tenth instructions given for the plaintiff, which we are satisfied should not have been given, and which, being given, might have contributed very much to the finding of the jury.

The fifth is in these words:

"The jury are instructed that, by the statute of Illinois, the plaintiff in this case can not recover more than five thousand dollars, and if they believe, from the evidence, that the plaintiff is entitled to recover, they will render a verdict for no more than that amount."

By all the rules of philology, that is but telling the jury they must render a verdict for five thousand dollars. It is true, the jury did not render such a verdict, but was it not a strong, persuasive argument addressed to them by the court to render a large verdict? The court say to the jury, in effect, you can not render a verdict for more than five thousand dollars, but it is expected you will render a verdict for that amount. Such an instruction could not fail to have had an improper influence on the jury, and, in a doubtful case like this, the verdict, rendered either way, not subject to be disturbed, to tell the jury they must find to the extent of the law, was improper, and ought to prejudice the finding.

The tenth instruction for plaintiff was as follows:

"If the jury believe, from the evidence, the plaintiff should recover in this case, it is proper for them, in fixing the damages, to take into consideration the support of the widow and children of the deceased, and the instruction and moral training of the children, and their ages, and the pecuniary condition of the widow and children."

Some courts have held that the subject matter of the last clause of this instruction was proper for the consideration of the jury, and this court, in one case, threw out an intimation if there was testimony to that point, such an instruction might be proper. In the case of the *Illinois Central R. R. Co.* v. *Weldon,* 52 Ill. 290, the court so intimated. In that case, an instruction similar to this was held to be wrong, as there was no evidence on which to base it. The same is the case here. There is no proof tending to show that the deceased was fitted by nature or education, or by disposition, to furnish to his children instruction, or moral, physical or intellectual training. The instruction should not have been given.

It is also complained by appellants that the court refused to give the fourteenth instruction asked by them. That instruction is as follows:

"The defendants' servants in charge of the engine which struck the deceased had the right to assume that he was rational, and would exercise care and caution to keep himself out of danger, until they saw something in his conduct which was inconsistent with such assumption. If he was walking on a line parallel with the track, and so far removed therefrom as to be free from danger of collision, they had the right to assume that he would remain at such safe distance, until he manifested a purpose to place himself in dangerous proximity to it."

Appellee insists this instruction was properly refused, as it was not based upon the evidence in the cause.

It may be the evidence does not show deceased was proceeding upon a line of exact mathematical parallelism with appellants' track, yet there was evidence tending to show his course was on such a line, practically.

It surely was not asking too much of the court, in view of all the evidence before it, to give this instruction. It is good law, and it was proper so to say to the jury.

We approve the view taken of this proposition by the Supreme Court of New Jersey, in *Telfer* v. *The Northern Railroad Company,* quoted at length by appellants' counsel in his brief. Every one, of any practical knowledge, knows it is not a very trifling matter, running on time, at an unaccustomed place of stopping. and which is required by the regulations of the road, to pass or meet another train at a given point, and when the failure to do so might be attended with serious consequences. The court further say, a conductor is not bound to stop his train because he sees a person on the track a quarter of a mile ahead of him, because he has every reason to suppose he will leave the track before the train can reach him; nor is he bound to stop his train because he sees a vehicle slowly approaching the road, or quietly standing a few yards from it, with the horse's head toward the track, for he has every reason to suppose the person in charge of the vehicle will not attempt to cross until the train has passed, and should he suddenly attempt to cross, and get injured in the effort, the fault would not be that of the company or of its agents, unless their conduct be so grossly careless as that the exercise of proper and reasonable caution and prudence on the part of the party injured could not have protected him from the injury.

Railroad trains would make but slow progress were they compelled to stop under such circumstances as above suggested. They must give the necessary signals and exercise the highest degree of care and caution to prevent injury, and this duty is mutual, as this court has repeatedly held. *St. Louis, Alton and Terre Haute R. R. Co.* v. *Manly,* 58 Ill. 200.

We make no remarks on the testimony. We think the instructions we have noticed, given for the plaintiff, and the one refused on the part of the defendants, may have contributed very much to this finding.

For the error of the court in so disposing of these instructions, the judgment is reversed, and the cause remanded, that a new trial may be had, and the cause submitted on proper instructions.

*Judgment reversed.*