FRANK PARKER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 20, 1880.*

1. CRIMINAL LAW—*forgery, and having forged note with intent to pass the same, are distinct felonies.* The forgery of a note with intent to defraud is a punishable felony, although the defendant may not be able to utter it, and the possession of a note knowing it to be forged, and passing it with intent to deceive and defraud, is a separate and distinct felony, also punishable.

2. SAME—*joinder of two offences in same indictment.* The charge of two different crimes, which are of the same nature, may be embraced in different counts of the same indictment. Thus, a count in an indictment charging the defendant with uttering and passing as true, to C. D., a false and forged counterfeit note, purporting to have been made by A. B., for the payment of a sum of money to the defendant, knowing the same to have been false and forged, with intent to defraud the said C. D., may be joined to a count charging the defendant with the forgery of the same note with intent to defraud the said C. D.

3. SAME—*separate conviction on different counts.* While it is regular to join a count for forging, and a count for passing the same instrument, in the same indictment, it is not allowable to have a separate conviction and judgment under each count. There can be only one judgment where the one offence charged is introductory to and forms a part of the other.

4. SAME—*uttering forged note—proof of knowledge of the forgery.* Under a count in an indictment for passing a forged note as genuine, knowing it to be forged, strict proof of the knowledge of the accused as to the genuineness or falsity of the note, like all other material facts constituting the crime, is required. The knowledge that the note was not genuine need not be proved by direct and positive evidence, but may be inferred from circumstances, but nevertheless it must be satisfactory to the minds of the jury.

5. Where an indictment charged the forgery and passing of a forged note purporting to have been executed by Charles Littelmore, but the proof showed that the accused, at the time of passing the same, represented the maker as Lidamore, giving his residence, etc., it was *held*, that this rendered proof unnecessary that there was such a person as Littelmore, as the person taking the note was induced to take it as the note of Lidamore. It seems only a misspelling of the name.

6. INSTRUCTION—*referring to indictment for a description of offence.* On the trial of one for forgery, and the passing of a forged note, it is not erroneous to refer to the indictment in the People's instructions for a description of those crimes, instead of setting them out in the language of the statute. If the accused desires to have a more specific definition of the several offences, he should ask an instruction for that purpose.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. F. GOODSPEED, Judge, presiding.

Messrs. DOUD & WING, for the plaintiff in error:

The court erred in refusing to quash the indictment, and in overruling the motion in arrest of judgment. The indictment charged two separate and distinct offences. While a conviction might have been had on either count, it could not be on both. *Commonwealth* v. *Haskins*, Supreme Court of Massachusetts, Feb. 1880.

The testimony of the man Lidamore was improper, and particularly when he said: "I know no man in my neighborhood by the name of Charles Littelmore." This evidence was for the purpose of showing that Charles Littelmore was a fictitious person; but the defendant was not indicted for that offence, and if the evidence had conclusively shown that, yet under this indictment he must have been acquitted. This exact point was decided in *Gutchins* v. *The People*, 21 Ill. 642, wherein the court used this language: "The proof of an offence under one of these sections (speaking of sections 105 and 107, Crim. Code,) can not support a conviction under the other. That would be to violate the rules of pleading and evidence, and is too plain to require discussion."

Mr. James K. Edsall, Attorney General, for the People:

It is the common practice to include in the same indictment counts for the forgery, and also for uttering or passing the same forged instrument. Arch. Crim. Pl. (* 356,) p. 424; *Hoskins* v. *The State*, 11 Ga. 92; *Pate* v. *The People*, 3 Gilm. 645; *The People* v. *Rynders*, 12 Wend. 427.

In the case of *Pate* v. *The People*, 3 Gilm. 645, the court affirmed a conviction where the prisoner was found guilty on an indictment containing two counts—first, for the forgery, and second, for uttering the forged paper, and sentenced for nine years.

2. The only peculiarity of this case arises from the fact that the jury found a separate verdict on each count, and the sentence of the court followed the verdict in that particular.

Wharton states the rule as follows: "When counts are joined for offences different but not positively repugnant, the practice is to sentence on the count containing the highest grade. But it is not irregular to sentence specifically on each count." 3 Whart. Crim. Law, § 3177 (7th ed.); *Com.* v. *Birdsall*, 69 Pa. State Rep. 482; *Com.* v. *Sylvester*, Brightley's Rep. 331; *Henwood* v. *Com.* 52 Pa. State Rep. 424; *Carlton* v. *Com.* 5 Metcalf (Mass.) 532; *Booth* v. *Com.* id. 535.

3. The crime of forgery may be complete without actual publication or uttering of the forged instrument. 2 Russell on Crimes, p. 318.

The statutes of Illinois, like most of the statutes relating to forgery, make the uttering and passing the forged instrument a substantive offence. Crim. Code, sec. 105; 2 Russ. on Crimes, 318, 319.*

The crime of forging a note, and uttering or passing the same forged note, constitute two complete offences, each of which is punishable. *The People* v. *Rynders*, 12 Wend. 427.

Whatever may have been the old rule at common law, the great weight of authority now is, two or more offences may

be included in one indictment, in several counts, when the offences are of the same nature, and when the mode of trial and the punishment are also the same. 1 Whart. Crim. Law. secs. 415, 422; *Carlton* v. *Commonwealth,* 5 Met. 532; *Booth* v. *Same,* id. 535; *State* v. *Hood,* 51 Me. 363; *Hoskins* v. *State,* 11 Ga. 92; *The People* v. *Rynders,* 12 Wend. 427.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the March term, 1880, of the Grundy circuit court, the grand jury returned an indictment against plaintiff in error. One count charged that he forged and counterfeited a promissory note on one Littelmore, payable to Frank Parker, for $35, with intent to defraud one C. W. Card.

The second count charges that he altered, published and passed, as true, to C. W. Card, a false, forged and counterfeit promissory note, purporting to have been made and executed by Chas. Littelmore, for the payment of money to the said Frank Parker, knowing the same to be false and forged, with intent to damage and defraud said Card. The note is copied into the body of the indictment.

A motion to quash was interposed, but was overruled by the court. A plea of not guilty was then entered, and a trial was had by the court and a jury, resulting in a verdict of guilty, and the jury fixed the time of his confinement in the penitentiary at one year each, under the first and second counts of the indictment. A motion for a new trial and in arrest of judgment was entered, but overruled by the court, and a judgment was rendered on the verdict. From that judgment defendant prosecutes error and urges a reversal.

It is urged that the indictment charges two distinct felonies, and, according to the practice in such cases, the accused might be convicted of one, but not both on the same trial. But the rule is different as to misdemeanors.

We are of opinion that each count charges a separate felony. If a person forge a note, with intent to defraud, he may, on proper proof, be convicted and punished for the crime,

although he may not be able to utter it. If he had in his possession a note he knows to be forged, and passes it with the intent to deceive and defraud, that would constitute another crime, for which, on conviction, he should be punished. The indictment and verdict in this case show that accused was convicted and sentenced for two felonies, and the question is presented whether the judgment is sanctioned by the practice.

The charge of the two different crimes, which are of the same nature, may be embraced in different counts of the same indictment. The case of *Pate* v. *The People*, 3 Gilm. 644, was an indictment for forgery, and the first and second counts were substantially the same as those under consideration, and no exception was taken on that ground, and the general judgment of conviction was affirmed in this court on error.

Wharton, in his work on American Criminal Law, p. 149, (2d ed.) says :

" Offences, it is generally held, though differing from each other, and varying in the punishments authorized to be inflicted for their perpetration, may be included in the same indictment, and the accused tried upon the several charges at the same time, provided the offences be of the same character and differ only in degree, as, for instance, the forging of an instrument, and the uttering and publishing it knowing it to be false. In misdemeanors, the joinder of several offences will not, in general, vitiate the prosecution in any stage."

At page 692, the same author says, as to joinder of counts :

" The policy of our courts, as has already been seen in a kindred line of offences, has permitted a joinder of counts which, though originally discountenanced in England, can work no injustice to the prisoner, and may save great expense and loss of time. Thus, counts for robbing and for an attempt to rob ; for rape and attempts to ravish ; for burglary and attempts to commit burglary, as has been seen, are frequently joined."

As we had supposed, this is the long and well settled doctrine of this country, and the books abound in cases illustra-

tive of the rule.    It is so firmly established as to be regarded as elementary.

Whilst it is regular in pleadings to join a count for forging an instrument with a count for passing the same instrument, in the same indictment, it is not permissible to have a separate conviction and judgment under each count.    The practice, in such cases, only permits one judgment.    As to the joinder, as above stated, the authorities are abundant.    But we have been unable to find any case which warrants two separate convictions and judgments where the one offence is introductory to and forms a part of the other.

The forgery here, if committed by accused, was but preparatory to and formed a part of the crime of passing the forged note, and there was error in rendering separate judgments on the several findings of the jury.    Whether the People might have had a sentence under one of the verdicts and had the other set aside, is not before the court, and that question is not decided.

It is urged that the People's instructions were calculated to mislead, because they referred to the indictment for a description of the crimes of forgery, and the passing of a forged instrument, instead of setting them out in the language of the statute.    In this there was no error.    It has been the long and well recognized practice, and we are not aware that it has ever before been questioned.    If the accused desired to have a more specific definition of the two offences, he should have prepared and asked an instruction embodying the language of the statute.

The objection to the third relates to the last clause, which is this:

"And in determining the knowledge of the defendant as to the genuineness or falsity of the note at the time he passed the same, (if they believe from the evidence he did pass the same,) strict proof is not required, but may be determined by all of the circumstances in evidence tending to show such facts."

This clause of the instruction is manifestly wrong. Strict proof of that fact, like all other material facts constituting the crime, is required. The knowledge that the note was not genuine need not be proved by direct and positive evidence, but may be inferred from circumstances, but, nevertheless, the proof must be satisfactory to the minds of the jury.' This instruction was erroneous.

The evidence shows that the promisor of the note was represented, if not in terms, by implication, to be Charles Lidamore. The accused referred to him as living in the same locality where Lidamore resided, and as being an Englishman, etc., thus designating him and inducing Card to believe the note was given by Lidamore. This, then, rendered proof unnecessary that there was such a person as Littelmore, as accused induced Card to take the note as security for the money loaned as having been given by Lidamore. Card understood that he was the maker. It seems to have been but a misspelling of the name. There was no error in refusing to give the instruction as to the variance.

The whole record considered, we think that defendant did not have a fair trial. The judgment of the court below is, reversed, and the cause remanded for another trial.

*Judgment reversed.*