H. C. Mitchell *et al.*

*v.*

Flora Hindman.

538:37 LR.A 832n

*Filed at Mt. Vernon June 19, 1894.*

1. Evidence—*sustaining an objection to a question—afterwards answered.* There is no error in sustaining an objection to a question, where the fact sought to be proved by it is afterwards shown by answer to another question to which no objection is made.

2. Same—*degree of proof required.* An instruction in a civil action that the plaintiff was "bound to prove to the satisfaction of the jury, by a clear preponderance," is clearly erroneous, and properly refused. The law only requires that a preponderance of evidence shall be in favor of the plaintiff.

3. Instructions—*as to the burden of proof.* It is not necessary that the instructions for the plaintiff shall state where the burden of proof rests. It is sufficient if, from all the instructions given to the jury as the charge of the judge, it clearly appears, and is so stated to the jury, upon whom the burden rests. If one of the instructions for the defendant positively states on whom it rests, that will be sufficient.

4. Same—*as to preponderance of the evidence.* An instruction that the preponderance of the evidence is not alone determined from the number of the witnesses testifying, but the jury should take into consideration the opportunities of the witnesses for seeing or ascertaining, from their own personal knowledge, the things about which they testify, and the probability or improbability of the truth of their statements, in view of all the other evidence, facts and circumstances proven, and from the circumstances determine the preponderance, etc., does not exclude from the jury the consideration of expert evidence.

5. MALPRACTICE—*facts to be considered.* In an action for malpractice in the treatment of a broken bone in the plaintiff's wrist, the condition of the arm at the time of the injury, the manner of treatment by the defendants, the length of time the bandages and splints were permitted to remain, and whether complaint was made by the plaintiff of severe pain in the hand whilst such bandages were so kept on, are all facts, and in determining them the jury should take into consideration the opportunities of the several witnesses for ascertaining from their own personal knowledge, and whether there was proper diligence and care in the treatment was not to be determined from that alone, but those facts must be weighed in connection with all the evidence, facts and circumstances,—*that is to say, the expert evidence,*—and the jury should determine, from all the evidence and circumstances, whether the defendants were negligent.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Jackson county; the Hon. OLIVER A. HARKER, Judge, presiding.

Mr. F. M. YOUNGBLOOD, and Mr. NORMAN H. MOSS, for the appellant.

Mr. WILLIAM A. SCHWARTZ, for the appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

Appellants, physicians and surgeons, were partners, engaged in practice, and were called to attend, professionally, the appellee, who had sustained an injury to the left forearm, designated a Colles' fracture of the radius, about one and one-half inches above the wrist joint. Appellee brought an action against appellants, alleging they so unskillfully and negligently performed their duty that the arm so injured was permanently disabled, and a judgment for $1250 was entered in her favor, which was affirmed by the Appellate Court. This appeal is prosecuted, and the errors of law assigned are, that there was error in sustaining an objection to the admission of certain evidence offered by appellants, in refusing to give the sixth instruction asked by appellants, and in giving instructions asked in behalf of appellee.

The error assigned to the ruling of the court in sustaining an objection to a question to Dr. McAnally, one of the defendants, is not tenable. The witness was asked if he had used his best skill and judgment in the treatment of the injury. An objection was sustained to the question, because in the form asked it was leading; yet later, during the examination of the same witness, he was asked a question in substantially the same form, which was not objected to, and was answered by the witness, and the identical same fact asked for in the question to which the objection was sustained, was by the later question brought before the jury.

The sixth instruction asked by the appellants was refused. It was, that the plaintiff was "bound to prove to the satisfaction of the jury, by a clear preponderance," etc. This instruction was clearly erroneous. The law only requires that a preponderance of the evidence shall be in favor of the plaintiff. *Crabtree* v. *Reed,* 50 Ill. 207; *McDeed* v. *McDeed,* 67 id. 545; *Peak* v. *The People,* 76 id. 289; *Bitter* v. *Saathoff,* 98 id. 266.

It is urged that the series of instructions given for the plaintiff fails to state to the jury that the plaintiff must prove the defendants caused the injury by reason of want of ordinary skill, or from failure to exercise proper diligence and caution, by a preponderance of the evidence. It is not necessary that such instructions should state where the burden of proof rests. It is sufficient if, from all the instructions given to the jury as the charge of the judge, it clearly appears, and is stated to the jury, upon whom the burden rests. In the third instruction given for defendant the jury were directly and positively instructed on whom the burden of proof rested, and this was sufficient.

The eighth instruction given for plaintiff, it is insisted, is erroneous. That instruction states that the preponderance of the evidence is not alone determined from the number of witnesses testifying, but the jury should take into consideration

the opportunity of the witnesses for seeing or ascertaining, from their own personal knowledge, the things about which they testify, the probability or improbability of the truth of their statements in view of all the other evidence, facts and circumstances proven, and from the circumstances determine the preponderance, — that it is for the jury to determine, from the evidence and circumstances before them, whether the defendants were negligent. This instruction does not exclude from the consideration of the jury expert evidence, as claimed by the appellants. The condition of the arm at the time of the injury, the manner of treatment by the appellants, the length of time the bandages and splints were permitted to remain, and whether complaint was made by appellee of severe pain in the hand whilst said bandages were so on, are all facts, and in determining those facts the jury should take into consideration the opportunity of the several witnesses for ascertaining from their own personal knowledge; and whether there was proper diligence or care in the treatment was not to be determined from that alone, but those facts must be weighed in connection with all the evidence, facts and circumstances,—*i. e.*, the expert evidence,— and the jury should determine from the evidence and circumstances whether the defendants were negligent. We are of opinion that the eighth instruction did not mislead the jury in any manner.

From a consideration of the whole record we find no reversible errors, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*