# Illinois Central Railroad Co. v. Artemise S. Ashline, Administratrix of Laurence Ashline.

1. DAMAGES—*Measure of—Death from Negligence.*—On the trial of an action by a widow for damages sustained by reason of the death of her husband, alleged to have been caused by the negligence of the defendant, it is error to instruct the jury that they have a right to take into consideration the number of her family in estimating damages. Damages can only be estimated on the basis of the pecuniary loss sustained.

2. INSTRUCTIONS—*Limit of Damages—Death from Negligence.*—It is error to instruct the jury in an action for damages sustained by reason of death from negligent acts that the statute limits the recovery to $5,000, and that in case they find for the plaintiff, the amount of their verdict can not exceed that sum.

3. ORDINARY CARE—*Slight Negligence.*—A person may exercise ordinary care and yet be guilty of slight negligence, which will not prevent a recovery; but the absence of ordinary care will defeat it.

4. COMPARATIVE NEGLIGENCE—*Abolished.*—Comparative negligence as a legal doctrine no longer exists in this State.

**Memorandum.**—Action for damages. Death from negligence. In the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Declaration in case; plea, not guilty; trial by jury. verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

WHEELER & HUNTER, attorneys for appellant.

EDWARD E. DAY and D. H. PADDOCK, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is a suit by appellee as administratrix of the estate of her deceased husband, Laurence Ashline, to recover damages for his death caused by an excursion train of appellant on Sunday evening, September 4, 1892, in the city of Kankakee. There was a trial and recovery by appellee.

The train consisted of an engine and tender with eight

passenger coaches and a baggage car. It ran from Chicago to Gougar's Grove and returned to Chicago in the evening. From Kankakee to Gougar's Grove and return it used the tracks of the Cleveland, Cincinnati, Chicago & St. Louis Railroad, known as the "Big Four," which were connected by a "Y" in the city of Kankakee with defendant's road. On the return trip the train was stopped at the depot of the Big Four to get orders. It was in the dusk of evening and rain was falling. After getting orders the train was started toward the "Y" connection where it would reach defendant's road, and crossed Schuyler avenue, a street of the city of Kankakee. The deceased was struck by the train either on that avenue or west of it, on the right of way of the Big Four, and was injured so badly that he soon after died. The material questions of fact in dispute before the jury were, whether the deceased was struck by the train on the public crossing at the avenue or on the right of way west of it; whether the bell was rung as required by statute, and whether the speed of the train exceeded ten miles an hour, the rate fixed as the limit by an ordinance of the city of Kankakee. We shall not discuss the evidence upon these questions as they will be submitted to another jury, but a reading of the record indicates a preponderance of the evidence in favor of defendant's claim as to each of them.

It was proved that deceased was a baker, working for some other person in a bakery, and that he left a widow and seven children, six of whom were still living, who depended on him for support in his lifetime; but there was no evidence as to the amount of his usual earnings, or his ability to earn money for their support. The first instruction given at the request of plaintiff, was as follows:

For the plaintiff the court instructs the jury that while you are not to give a verdict on the ground of sympathy, yet, if you believe from the evidence the plaintiff is entitled to recover, you have a right to take into consideration the number of her family and their ages, in estimating the damages.

Damages could only be estimated on the basis of the pe-

cuniary loss sustained. The next of kin were those whom the deceased was bound by law to support, but their loss was not to be measured merely by their necessities. The income in which they were entitled to share might be very small, although the family might be very large. There being no proof of the income or earning capacity of deceased, the jury might understand that the damages could be assessed on the basis merely of what it would require to support a given number of persons, although such damages could not rest on pure sympathy. We think the instruction of a misleading character.

The second instruction given for plaintiff was as follows:

The court instructs the jury for the plaintiff, that the law of Illinois limits the amount that can be recovered, where one is killed, to the sum of five thousand dollars, and if the jury find for the plaintiff in this case, under the law and the evidence, the damages can not exceed five thousand dollars.

This instruction was of the same purport as the one condemned in C., R. I. & P. R. R. Co. v. Austin, Adm'x, 69 Ill. 426, and was equally objectionable. The court also gave the thirteenth instruction asked by plaintiff, as follows:

The court further instructs the jury that slight negligence means the absence of that degree of care and vigilance which persons of ordinary prudence and foresight are accustomed to use under similar circumstances.

The deceased might have exercised ordinary care, and yet have been guilty of slight negligence, which would not prevent a recovery, but the absence of ordinary care on his part would defeat a recovery. Ordinary care and slight negligence may both be present. The definition was wrong, and it was important that it should be correct when taken in connection with others allowing a recovery, although the deceased was guilty of slight negligence. Among the instructions was the fifteenth, given as follows:

If the jury believe from the evidence in this case that the defendant, or its servants operating the train in question in this case, failed to ring the bell or blow the whistle from the time they left the depot until they struck Laurence Ashline,

and that by reason of said failure the said Ashline was struck by said train on a public crossing and received injuries from which he died, that they should find for the plaintiff, unless they should further believe from the evidence that said Ashline, while crossing the tracks of the defendant, was negligent, and that his negligence was not slight when compared with that of defendant.

This was an attempt to apply the doctrine of comparative negligence, which is no longer the law of this State. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546. It omitted the requirement that the deceased exercised ordinary care, and this was necessary to a recovery. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 358, 522; Calumet Iron and Steel Co. v. Martin, 115 Ill.; L. S. & M. S. Ry. Co. v. Hessions, *supra.* Under the rule attempted to be applied, the negligence of defendant must have been gross, and the instruction amounted to a statement that a·failure to ring the bell or blow the whistle·was gross negligence of itself. There is no rule of law of that kind. The instruction changed the burden of proof, which was on plaintiff, to show that the deceased exercised ordinary care, and directed a recovery unless he was proved negligent, and that his negligence was of a higher degree than that which was defined in the thirteenth instruction as an absence of ordinary care. The instruction was erroneous.

The judgment will be reversed and the cause remanded.