## Illinois Central Railroad Company v. Artemise S. Ashline, Adm'x.

1. VERDICTS—*On Conflicting Evidence.*—It is the peculiar province of the jury to decide disputed questions of fact on conflicting evidence, and in this case the court holds that the finding of the jury is not so manifestly against the weight of the evidence as to warrant the court in saying they were actuated by passion or prejudice.

2. PLEADING AND EVIDENCE—*Ordinances of a City.*—A declaration

alleged a violation of an ordinance of the city, Sec. 3, Chap. 9, approved March 27, 1888, and on the trial the defendant objected to the introduction of the ordinance. *Held*, that the ordinance was admissible and that defendant should have demurred if he desired to raise the point that the ordinance was not set out with sufficient particularity.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

W. R. HUNTER, attorney for appellant.

PADDOCK & COOPER, attorneys for appellee.

OPINION PER CURIAM.

This suit was commenced by appellee as administratrix, to recover damages for the killing of her husband, Lawrence Ashline, by a train of appellant on September 4, 1892, in the city of Kankakee.

It was before us at the May term, 1894, on appeal from a judgment recovered by appellee and is reported in 56 Ill. App. 475.

We then reversed the judgment because of erroneous instructions and remanded the case for another trial. This appeal is from a judgment again recovered by appellee, the damages being assessed at $3,800.

The main contention of appellant is that the verdict is not supported by the evidence.

Whether the accident occurred on the Schuyler avenue crossing of appellant's road; whether the bell on appellant's engine was rung continuously for eighty rods before reaching the crossing as required by statute; whether the deceased was at the time in the exercise of ordinary care for his own safety, and what was the rate of speed of the train were all disputed questions of fact. It is utterly impossible to reconcile the testimony of the various witnesses upon those points. In the conflict it was the peculiar province of the jury to decide those disputed questions. Their findings were not so manifestly against the weight of the evidence as to war-

rant us in saying that they were actuated by passion or prejudice and that the plaintiff should not recover upon some of the counts in his declaration.

The third count of the declaration charged negligence in running the train at a greater rate of speed than that limited by an ordinance of the city. Sec. 3, Chap. 9. Approved March 27, 1888. When the ordinance was introduced appellant objected. That the objection was overruled and the ordinance admitted to be read, appellant claims was reversible error. We think not. Doubtless the court would have sustained a demurrer to the count, had one been interposed upon the ground that the ordinance was not set out with sufficient particularity, but appellant did not see fit to demur but took issue.

Objection is made to the phraseology of certain instructions given for appellee. While they may be subject to some criticism, the objection to them are so slight as to justify us in saying that they could not have been seriously harmful to appellant. Judgment affirmed.