### Cora L. Reed v. John W. Kimsey.

1. APPELLATE COURT PRACTICE—*Dismissal of an Appeal on a Short Record Not a Bar to a Writ of Error.*—The dismissal of an appeal upon a short record in the Appellate Court for want of prosecution does not bar a writ of error for the purpose of reviewing the same case.

2. MARRIED WOMAN—*Separate Property Not Liable for the Debts of Her Husband.*—The fact that a married woman sends a pacing horse purchased by her and paid for with her own money, to various races, in charge of her husband, to whom she also gives a power of attorney to control and sell him, so that he could sell the horse for her if a favorable offer was made for it at any of the races, does not render the horse liable to be seized on an execution issued upon a judgment against the husband.

Reed v. Kimsey.

3.  SAME—*When Not Estopped by Declaration of Her Husband.*—The fact that the husband of a married woman, intrusted with the custody and care of her property, sometimes, in her absence, speaks of the property as his own, does not estop her from claiming the property when seized upon execution for the debts of her husband.

4.  POWER OF ATTORNEY—*To Sell, Does Not Authorize a Mortgage.*— A power of attorney to control and sell a horse does not authorize the attorney to mortgage him.

5.  INSTRUCTIONS—*Requiring a Clear Preponderance of the Evidence.* —In a civil action, an instruction for the defendant which announces that the plaintiff is required to prove his case by a clear preponderance of the evidence, and if he has not done so the jury should find for the defendant, is improper, as a clear preponderance of the evidence is not required in civil actions.

Replevin.—Error to the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

ISAAC C. EDWARDS, attorney for plaintiff in error.

JAMES L. LOAR, attorney for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was replevin by Cora L. Reed against the sheriff of Peoria county for the pacing horse, " Streeter R," and his blankets, etc. Defendant filed the usual pleas, and also justified under an execution in favor of Mary E. Reed against John A. Reed from the McLean Circuit Court. There were replications and a trial, and a verdict and judgment for defendant. An appeal by plaintiff was dismissed on a short record for want of prosecution, and this is a writ of error to review the same judgment. We hold, contrary to defendant's contention, that such dismissal of the appeal does not bar the writ of error.

Plaintiff is a practicing physician, located formerly at Moline and now at Rock Island. The proof is, that while she was unmarried she requested Reed to find a team for her; that he called her attention to a team owned by W. A. Martindale of Rock Island; that she saw and examined and bought the team, one of the horses being said " Streeter R;" that she paid $600 for the team, sending the first $100

by Reed; that she also bought the blankets, etc.; that she paid for all this property with her own money, and Reed had no financial interest therein. Afterward she married John A. Reed. She hired and paid his son to take care of the team in a barn she rented. She hired a man to drive this pacer at races, and sent the horse to various races in charge of her husband, to whom also she gave a power of attorney to control and sell him, so that he could sell the horse for her if a favorable offer was made at any of the races. The horse was entered at various races, and always in the name of plaintiff as owner. After the horse had been driven in races at Peoria, and just as he was about to be shipped to Detroit, where he was already entered for races the next week, a deputy sheriff presented an execution against John A. Reed and took the horse thereunder, notwithstanding Reed's assurances that the horse was owned by plaintiff. Plaintiff then brought this suit.

The proof upon which defendant relies is as follows: At races, Reed sometimes spoke of the horse as "my horse," apparently only meaning that the horse was in his charge. If he meant that the horse was his own property, he could not by any such declarations bind plaintiff. One Purcell testified plaintiff, in presence of her husband, told him she did not own the horse but it belonged to her husband. Both plaintiff and her husband denied this, and another witness testified to later statements by Purcell to him that there was no question but plaintiff owned the horse. When Reed found the deputy sheriff was bound to seize the horse, and thereby prevent the shipment to Detroit, at the suggestion of one Stepple he borrowed $20 of Stepple and executed and delivered to Stepple in his wife's name a bill of sale of the horse, and Stepple presented the bill of sale to the deputy sheriff, claimed to own the horse, and forbade his taking it on the writ. When they found the officer would persist in taking the horse, Reed repaid the loan to Stepple, and Stepple surrendered the bill of sale to Reed. This was a foolish proceeding and Reed's motives improper, but we fail to see that it should defeat plaintiff, as was the

real purport of the first, seventh, ninth, and thirteenth instructions given to the jury at the request of defendant. The bill of sale was only given to secure a loan of $20, and that was repaid almost immediately and the bill of sale surrendered. The horse was not delivered to Stepple. Reed's power of attorney from his wife gave him no authority to mortgage the horse. This was not such a genuine sale as he had authority to make. Plaintiff was not present, and Reed had no authority from her to attempt this trick upon the sheriff. The transaction was not in derogation of plaintiff's title. The bill of sale purported to be executed by John A. Reed as agent for Cora L. Reed. The effort was to put Stepple in a position where he could assert the same title here asserted. Stepple was present, while plaintiff was in Rock Island. It was not an effort to set up some other and different title. The sheriff was not misled nor the plaintiff in execution injured by the transaction. No estoppel was created against Cora L. Reed. The undisputed proof is she bought and paid for this property with her own money, and never afterward sold or gave it to any one, and John A. Reed had no financial interest in it. The facts above recited were, in our judgment, insufficient to defeat her title.

The fourth instruction given for defendant said that if John A. Reed was in possession of the property, that was *prima facie* proof he was the owner. This ignored the proof that his possession was as agent of his wife. The eighth instruction for defendant submitted the question whether the transactions between plaintiff and her husband were conducted fraudulently and for the purpose of defeating Mary E. Reed in the collection of her judgment against John A. Reed. Our attention is not called to any proof that plaintiff attempted to defraud or defeat Mary E. Reed or even knew she had a judgment against John A. Reed. The twelfth instruction for defendant announced that plaintiff was required to prove her case by a clear preponderance of the evidence, and if she had not done so the jury must find for defendant. The law is that a clear preponder-

ance is not required in a civil suit. (Mitchell v. Hindman, 150 Ill. 538; Taylor v. Felsing, 164 Ill. 331.) Other instructions given for defendant are open to serious objection.

The execution was for costs, solicitor's fees and alimony, in favor of a divorced wife of John A. Reed. In his closing speech to the jury counsel for defendant made highly improper remarks, immaterial to the case and not based upon any proof, charging that the divorce was based upon improper conduct of plaintiff with John A. Reed. The court should have stopped this when plaintiff objected and asked the protection of the court.

The judgment is reversed and the cause remanded for a new trial.