## THE CENTRAL RAILWAY COMPANY

*v.*

## JAMES BANNISTER.

*Opinion filed February 21, 1902.*

1. INSTRUCTIONS—*instruction is not improper because it refers to the declaration for allegations of negligence.* An instruction is not improper which authorizes a verdict for the plaintiff if they believe, from the evidence, that the defendant was guilty of negligence "as alleged in the declaration or some count thereof," since such reference merely empowers the jury to determine whether the proof sustains the issues made by the pleadings.

2. SAME—*it is sufficient if the burden of proof appears from the instructions, considered as a whole.* Although the burden is upon the plaintiff, in an action for negligence, to prove the material allegations by a preponderance of the evidence, yet he is not required to so announce in his instructions, it being sufficient if the rule is clearly set forth in the instructions, considered as a whole.

2. SAME—*effect where an instruction refers to amount sued for.* An instruction for the plaintiff in an action at law is not erroneous because it refers to the amount sued for or limits the right of recovery to the amount claimed in the declaration, unless there is something in the instruction which tends to lead the jury to believe that they ought to allow the full amount so claimed.

*Central Railway Co.* v. *Bannister,* 96 Ill. App. 332, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

I. C. PINKNEY, (JAMES A. CAMERON, of counsel,) for appellant.

STEVENS, HORTON & ABBOTT, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellee sued appellant in the circuit court of Peoria county to recover damages for personal injuries alleged to have been caused through the negligence of its em-

ployees. He recovered a judgment in that court of $8400, which has been affirmed by the Appellate Court.

The defendant operated a double track electric street railway on Washington street, in the city of Peoria. The plaintiff, in attempting to cross that street to his place of business, was struck by one of its cars, thrown down and so injured that it became necessary to amputate one of his legs below the knee, and he also sustained other injuries. The charge of negligence in the declaration was in running defendant's cars at a high rate of speed, failing to keep a vigilant lookout and to stop the car in the shortest space possible, and failing to sound a gong on the car, as required by the provisions of an ordinance of said city. The defendant filed a plea of the general issue, and the case was tried by jury.

All controverted questions of fact being eliminated from the case, and the only errors of law assigned upon the record being that the trial court erred in giving instructions to the jury on behalf of the plaintiff and in modifying one of those asked on behalf of the defendant, no further statement of the facts will be necessary.

But three instructions were given on behalf of the plaintiff as to the law of the case, and each of these is objected to as erroneous, in that they leave "it to the jury to say whether the facts proven establish the charges in the declaration and to determine what the specific charges in the declaration are;" also, that neither of them requires the plaintiff to make out his case by a preponderance of the evidence. The language of the instructions criticised is to the effect that if the jury believe, from the evidence, that the defendant was guilty, etc., as alleged in the declaration or some count thereof, they should find for the plaintiff. It seems to be thought improper to thus refer the jury to the charge of negligence alleged in the declaration. Had the instructions copied the allegations no objection could have been urged to them. The jury had the declaration before them, and

195—4

there was no difficulty in their ascertaining, by reference
to it, just what the charges of negligence were. The
instructions do not refer the question of the materiality
of the allegations to the jury, or any other question of
law, but simply direct them to look to the declaration
for the allegations of due care on the part of the plain-
tiff and negligence on the part of the defendant. We
have frequently held such instructions proper. In *Ohio
and Mississippi Railway Co.* v. *Porter*, 92 Ill. 437, we said
(p. 441): "The fifth instruction given for the plaintiff is
objected to because it tells the jury if the plaintiff has
made out his case as laid in his declaration they must
find for the plaintiff. We do not understand that an in-
struction of this character makes the jury the judges
of the effect of the averments of the declaration, as con-
tended in the argument, but it merely empowers them to
determine whether the proof introduced sustains the is-
sues made by the pleadings in the case, and this is clearly
within their province." To the same effect are *Ladd* v.
*Pigott*, 114 Ill. 647, *Endsley* v. *Johns*, 120 id. 469, and *Laflin
& Rand Powder Co.* v. *Tearney*, 131 id. 322. We have also
held in criminal cases that an instruction which refers
the jury to an indictment for a description of the crime
alleged is not erroneous. (*Parker* v. *People*, 97 Ill. 32.)
*Moshier* v. *Kitchell*, 87 Ill. 18, cited and relied upon by coun-
sel for appellant as announcing a different rule, is not
at all in point.

Under the issues in this case the burden of proof was
undoubtedly upon the plaintiff to prove the material al-
legations of his declaration by a preponderance of the
evidence, but it does not follow that he was required to
so announce to the jury in his instructions. "It is suffi-
cient if, from all the instructions given to the jury as the
charge of the judge, it clearly appears and is stated to
the jury upon whom the burden rests." (*Mitchell* v. *Hind-
man*, 150 Ill. 538.) Instructions are to be considered as a
single series, and when so considered, if, as a whole, they

state the law correctly, that is sufficient, even though one or more of them, standing alone, might be erroneous. (*Lourance* v. *Goodwin*, 170 Ill. 390.) "The instructions constitute one charge, and they are not the instructions of either party but of the court, and the court may group or classify them before submitting them to the jury, as to him may seem proper, in order to best enlighten the jury as to the law of the case." (*Crowell* v. *People*, 190 Ill. 508.) In the case at bar, counsel for appellant, in their discussion of the instructions given on behalf of the plaintiff, ignore entirely those which they requested the court to give and which were given, the first of which told the jury "that the plaintiff must prove by the greater weight of evidence in the case that the injury complained of was due to the negligence of the defendant," and "that the damages and injury complained of was not the result of or contributed to by any negligent act of the plaintiff," and if a person suing to recover damages fails to establish either of such propositions by the greater weight of the evidence in the case no recovery can be sustained. The thirteenth instruction given at their request is to the same effect.

It is also urged, with apparent earnestness, that the second instruction on behalf of the plaintiff is misleading as to the amount of damages the plaintiff might recover. The part of it objected to is as follows: "And assess the plaintiff's damages, if any, in such amount as you may believe, from the evidence, he has sustained, not exceeding the sum of $20,000." *Chicago, Rock Island and Pacific Railroad Co.* v. *Austin*, 69 Ill. 426, and *City of Peoria* v. *Simpson*, 110 id. 294, are cited as condemning this form of instruction in that it refers to the *ad damnum* or amount sued for in the declaration. This instruction does not refer to the declaration in limiting the amount of damages which the plaintiff should recover. It was certainly proper for the court to place some limit upon the amount which could be awarded to the plaintiff.

Supposing the concluding words, "not exceeding the sum of $20,000," had been omitted; what would counsel have said as to its being a correct announcement of the law?

In *East St. Louis Connecting Railway Co.* v. *O'Hara*, 150 Ill. 580, an instruction was given which told the jury that they might assess the plaintiff's damages "at such sum as they believe, from the evidence, to be just compensation for the injuries so sustained, not, however, to exceed $10,000, the amount sued for," and it was contended to be error for the court, by the instruction, to call the attention of the jury to the amount sued for, and instruct them that the damages awarded by their verdict, in case they found for the plaintiff, should not exceed that sum. We said (p. 584): "Although such reference to the amount of the *ad damnum* in the declaration is not to be commended, still we do not think that it constituted such error as calls for a reversal of the judgment. That the amount of the *ad damnum* was the maximum, beyond which the jury could not go, is unquestionably a correct legal proposition, and we cannot suppose that any jury of ordinary intelligence would regard such reference alone as any intimation by the court that the damages to be assessed should reach or approximate that sum."

In *Lake Shore and Michigan Southern Railway Co.* v. *Parker*, 131 Ill. 557, which was an action for causing the death of the plaintiff's intestate, one of the instructions given to the jury was, "that if they find for the plaintiff they may assess the plaintiff's damages at such a sum as will be a fair compensation with reference to the pecuniary injuries resulting from such death to the widow and next of kin of John C. Parker, deceased, not exceeding the sum of $5000." We there pointed out the distinction between that instruction and the one condemned in *Chicago, Rock Island and Pacific Railroad Co.* v. *Austin*, 69 Ill. 426, and held that the instruction given was not erroneous. And so in each of the other cases cited by counsel for appellant, the instructions condemned were wholly

unlike this second instruction. For instance, in *City of Peoria* v. *Simpson, supra*, the instruction was said to be in the nature of an argument, containing few, if any, elements of a proposition of law, and that by it the jury were told that if they should find, from the evidence, in favor of the plaintiff, then it became their "duty to fix such damages at the full sum that the whole evidence shall prove to be just and reasonable," and we said (p. 304): "The language in which this instruction is expressed is well calculated to create in the minds of the jury the belief it was their duty, in case they found for the plaintiff, to fix the damages at the highest possible amount the evidence would justify. It was error to tell the jury, as a matter of law, that such was their duty."

In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Jenkins*, 174 Ill. 398, the instruction was, that under certain findings of fact "you should find for the plaintiff and fix his damages at such sum as you think right, not exceeding the amount claimed in the declaration," and we said, holding it erroneous (p. 409): "No reference is made to the evidence in the case. This form of instruction is erroneous and has been frequently condemned by this court. (*City of Freeport* v. *Isbell*, 83 Ill. 440; *Chicago, Rock Island and Pacific Railroad Co.* v. *Austin*, 69 id. 426.) * * * The instruction was erroneous in not confining the jury to the evidence in considering their verdict."

To our minds there is no objection whatever to an instruction for the plaintiff in an action at law because it refers to the amount sued for or limits the right of recovery to the amount claimed in the declaration, unless there is something in the instruction which tends to lead the jury to understand that they ought to or may allow the full amount so claimed, and we can perceive no valid objection to the second instruction in this regard.

Some objection is made to the use of the word "*should*" in the closing sentence of the first instruction, as being in the nature of a command, but we think the criticism

is without force. Also, that the third instruction assumes that there was permanent pain and suffering on the part of the plaintiff. The instruction, as a whole, is not open to that objection.

That the court erred in modifying the thirteenth instruction asked by the defendant cannot be seriously contended. As asked it referred to the declaration, and the modification simply added, "or some count thereof," which was clearly proper. The slight change in its phraseology did not change its meaning in the least.

There is no reversible error in this record, and the judgment below will be affirmed.

*Judgment affirmed.*