## David Ducharme v. Joseph St. Peter.

### Gen. No. 4,797.

1. INSTRUCTION—*propriety of expression "if you believe from the evidence."* The expression, "if you believe from the evidence," is the equivalent of and means the same as the phrase, "if you believe from a preponderance of the evidence."

2. INSTRUCTION—*when sufficient as to burden of proof.* It is not necessary that the instructions for the plaintiff shall state where the burden of proof rests. It is sufficient if from all the instructions given to the jury it appears and is stated upon whom the burden rests.

Action commenced before justice of the peace. Appeal from the Circuit Court of Kankakee county; the Hon. A. O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

W. R. HUNTER and W. G. BROOKS, for appellant.

CHARLES B. CAMPBELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit begun by Joseph St. Peter before a justice of the peace to recover from David Ducharme commissions on a sale of land. The case was appealed from the justice court to the Circuit Court, where a trial by jury resulted in a verdict and a judgment in favor of appellant for $160. The defendant brings the case to this court by appeal.

Appellant owned a farm near St. Anne, and had contracted to buy another farm of 160 acres known as the Corless farm at $100 per acre. The contract was to be closed and the money paid March 1, 1905. Appellant desiring to sell the Corless farm, for which he held the contract, before March 1st so as to avoid raising money to pay for it, listed it with St. Peter to sell at $115 per acre. The controversy between the parties arises over the terms of the listing. Appellant

Ducharme v. St. Peter.

claims it was only listed until March 1st, while appellee insists no time was fixed within which to make a sale, and that appellant was to notify him if he took it off the market, and that no such notice was ever given. It is not disputed that on August 28, 1905, appellee, while taking Moise Baron to see another farm, showed the Corless farm to him, telling him he could sell that farm for $115 an acre. Appellee testified that on that day he informed appellant that he had shown the farm to Baron, and that appellant then told him that he had raised the price to $125 an acre. On October 4th appellant sold the farm to Baron at $122.50 per acre, received $1,600 on the sale, and was to retain the use of the farm until March 1st following. Appellant says he made the sale himself, and that a sale at $122.50 and the use of the cash payment until March, was as good as a sale at $125 if he paid a commission, and admits that at the time appellee claims he reported showing the farm to Baron he asked appellee to write to a man named Clairmont at Sheldon that the farm was for sale at $125 an acre. It is also insisted by appellant that there was no evidence from which the jury could arrive at the amount, if any, appellee was entitled to recover. Appellee testified that appellant said, "If you can find me a buyer with a good profit I will give you a dollar an acre for selling." In answer to the question as to what was the commission ordinarily paid for selling farm land in that community, appellee answered, "a dollar an acre was what he was willing to pay." There was evidence from which the jury might reasonably find that the agency was as claimed by appellee, and that appellee was the procuring cause of the sale. That appellant may have made the sale at a price less only by the amount of the commission than that given to the agent, would not deprive appellee of his right to a commission, if appellee furnished the purchaser and was the efficient means of making the sale. Wilson v.

Mason, 158 Ill. 304. The fact that appellant admits that on the day appellee claims he reported showing the farm to Baron he requested appellee to write to Clairmont at Sheldon that the farm was for sale at $125 per acre, is a circumstance corroborating appellee. We cannot say the verdict of the jury is not sustained by the evidence.

Appellant makes complaint of the instructions given for the appellee that "not a single one of them tells the jury that the plaintiff must prove his case by a preponderance of the evidence." Plaintiff's instructions in form began, "if you believe from the evidence." The expression "if you believe from the evidence" is the equivalent of and means the same as the expression "if you believe from a preponderance of the evidence." Donk Bros. Coal Co. v. Thill, 228 Ill. 233. It may be added the jury were instructed at the request of appellant in repeated instructions that plaintiff is required by law to prove his case by a preponderance of the evidence. It is not necessary that the instructions for the plaintiff shall state where the burden of proof rests. It is sufficient if from all the instructions given to the jury it appears and is stated upon whom the burden rests. If one of the instructions for the defendant positively states on whom the burden rests that will be sufficient. Mitchell v. Hindman, 150 Ill. 538; Cent. Ry. Co. v. Bannister, 195 Ill. 48; Ill. Cent. R. R. v. Warriner, 132 Ill. App. 301. Complaint is also made that abstract propositions of law were given to the jury on behalf of appellee. This is a criticism applicable to many of the instructions given at the request of appellant. While such instructions might have been refused because of their being abstract propositions there was nothing misleading in them. We find no error in the instructions when read together as one series. The judgment is affirmed.

*Affirmed.*