LINCOLN AVENUE AND NILES CENTER GRAVEL ROAD CO.

*v.*

JOACHIM MADAUS.

*Filed at Ottawa March 28, 1882.*

WITNESS—*competency of a wife to testify in corroboration of the testimony of her husband in a suit in which he was or was not interested.* In an action against a corporation to recover for personal services rendered by the plaintiff for the defendant, a question was made whether the claim arose under a special contract fixing the compensation at less than the amount sought to be recovered. A person, who was not a party to the suit, testified in behalf of the defendant company that he, as agent of the company, made the special contract alluded to, with the plaintiff. The testimony of the wife of this witness was offered in support of that of her husband. The members of the court were not agreed upon the question of fact whether the husband who had testified, had an interest in the event of the suit as being a stockholder in the defendant corporation, or whether his relation to the company was merely that of a contractor and builder of the road to construct which the company was organized,—but a majority of the judges concurred in holding that under the statute concerning the qualification or disqualification of witnesses the wife was a competent witness whether her husband was a stockholder in the corporation or not.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an action by Madaus, against the gravel road company, for personal services. The plaintiff gave evidence tending to prove that his services were worth some thirty-six dollars ($36) per month. The defendant contended that the work was done under a special contract for twenty-four dollars ($24) a month. Louisa Harms, the wife of Henry Harms, was offered by the defendant as a witness to prove the making of the special contract in question. The Superior Court of Cook county, where the cause was tried, held that she was not competent as a witness to so testify, and excluded the offered testimony. It was shown that her husband, Henry Harms,

27—102 ILL.

was the general agent of the defendant company in the management of its business, and that he was interested in the event of the action, being a stockholder in the defendant company. He had testified that the contract in question was made by plaintiff with him, as the agent of the defendant, and the testimony of his wife was offered in support of that of her husband. A verdict and judgment for plaintiff followed, for the sum of $1200. Defendant appealed to the Appellate Court, where the judgment was affirmed, and defendant brings the case here by appeal.

Messrs. Osgood & Riggle, and Mr. Edward Riggle, for the appellant:

Witnesses not parties can not refuse to be examined on any ground derived from marriage, and husbands and wives may mutually discredit and contradict each other, as freely as if the marriage was null. *Stapleton* v. *Crofts*, 18 Q. B. 373; Best on Evidence, sec. 175; 1 Phillips on Evidence, 72; Taylor on Evidence, (4th ed.) 1235.

Messrs. Theodore & T. H. Schintz, for the appellee:

The common law rule in regard to the disability of the wife to testify in civil cases wherein her husband is interested, is not changed by sec. 1, ch. 51, Rev. Stat. 1874, but has been made a special subject of legislation by the enactment of section 5 of said chapter, and has been only changed in the cases therein specified.

A statute removing incompetency by reason of interest, does not remove it as to husband and wife, founded on public policy. *Mitchinson* v. *Cross*, 58 Ill. 369; *Alcock* v. *Alcock*, 12 Eng. L. & E. 354; *Stapleton* v. *Crofts*, 18 Ad. & Ellis, N. G. 367; *Hasbrouck* v. *Vandervort*, 5 Seld. 153; *Kelly* v. *Proctor*, 41 N. H. 139; *Breed* v. *Gove*, id. 452; *Crane* v. *Crane*, 33 Vt. 15; *Gee* v. *Scott*, 48 Texas, 516. See, also, 1 Greenleaf on Evidence, sec. 333; 13 Ill. 523; 18 id. 88; 25 id. 393.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

At common law the wife, who was offered as a witness in this case, should clearly be held incompetent to testify for the defendant company, because of the interest of her husband in the result of the suit. Appellant contends that our statute has removed her incompetency. This the appellee denies.

We are not aware that this precise question has ever been determined by this court. In *Mueller* v. *Rebhan,* 94 Ill. 142, and in *Mitchinson* v. *Cross,* 67 id. 366, this court has decided that in cases where the husband or the wife is a party to the action, the other can be a witness *in all* the cases in which it is so provided in section 5 of our statute, and neither can be a witness, either for or against the other, where the other is a party to the record, in any case other than those pointed out in section 5. But it has not been decided whether in cases wherein the husband or wife, not being a party, is interested in the event of the suit, the other can be a witness, either to testify in favor of the interest or against the interest of his wife or her husband.

The first section of our statute, in so far as it bears on this question, is in these words: "No person shall be disqualified as a witness in any civil action, * * * except as hereinafter stated, by reason of his or her interest in the event thereof, as a party or otherwise." At common law the wife could not be a witness for her husband where he was a party, or where her husband had an interest in favor of the party calling her, and this, because his interest, as a party or otherwise, disqualified him, and the law held the interests of husband and wife to be the same. Nor could she be a witness against her husband where he was a party, and this, upon the ground of public policy, because any other rule it was supposed would lead to dissensions, and tend too strongly to mar the marriage relation. But she was not held incom-

petent, in a case where her husband was *not a party*, to testify against the interest of her husband, or to contradict testimony given by him in the same case, or even to impeach him.   Whatever may be thought of the consistency of the views upon which these rules rest, it seems to be true that the rule establishing the incompetency of the wife upon the ground of public policy, did not extend to cases wherein he was not a party, either in form or substance.   In 1 Phillips on Evidence, 78, it is said:   "They can not be witnesses *for* each other, because their interests are absolutely the same; they can not be witnesses against each other, because this is inconsistent with the relation of marriage, and would tend to dissension and unhappiness."   Starkie says:   "The husband and wife can not be witnesses *for* each other, for their interests are identical; nor against each other, on grounds of public policy."   (2 Starkie on Evidence, 706.)   In Best on Law of Evidence, sec. 175, it is said of the latter branch of the rule, that it applies *only* "where the husband or wife is a party to the suit in which the other is called as a witness, and does not extend to collateral proceedings between third parties."   In 3 Paige, 37, Chancellor WALWORTH, speaking of the competency of a wife in this regard, says:   "She may be examined as a witness between *other parties*, although her husband has a collateral interest in opposition to the party calling her."   In *Fitch* v. *Hill et al.* 11 Mass. 286, where an action was brought against the maker of a promissory note by the assignee, the payment of which was guaranteed by the assignor, the wife of the assignor and guarantor was called by the defendant, to prove that the note was fully paid by the maker before its assignment.   She was held competent. That court said:   "The objection is,   *   *   *   that her testimony went to make him liable, which is said to be contrary to the policy of the law.   None of the authorities cited support this position.   Where the husband is a party the wife can not be sworn, either for or against him; not for

him, because their interests are one, * * * not against him, because it would be likely to promote dissension. But where the liability of the husband is contingent, and not necessarily established by the trial, her testimony may be received." So, also, in *Williams* v. *Johnson*, 1 Peake, 504, where the plaintiff sued one for goods sold, the wife of another, not a party to the suit, was held competent to prove that the plaintiff had sold the goods in question on the credit of the husband of the witness. So it seems that the rule, founded upon public policy, which forbids a wife to testify against the interest of the husband, is confined to cases where the husband is a party to the record.

If this be the true view of the common law, it would seem, at first blush, to follow, that any statute providing merely "that *interest*, as a party or otherwise, shall no longer disqualify a witness," would render a wife competent to testify for or against the interests of her husband, in all cases except those wherein the rule resting on public policy should be in the way,—that is, as we have seen, except in cases wherein he *is a party* and she is called to testify against him. In other words, it would seem that the passage of such a statute (one saying merely that no witness shall be held incompetent by reason of his or her interest, whether as a party or otherwise,) would render a wife competent to testify *in favor* of the interest of her husband, *or against* it, in all actions where he is *not a party*, and also competent to testify *for him* in actions wherein he *is a party*, but leave her incompetent only to testify *against* him in cases wherein he is a party. And so it was held in *Merriam* v. *H. and N. H. R. R. Co.* 20 Conn. 354, under a statute abolishing the common law disqualification of witnesses, by reason of interest, as a party or otherwise, that the wife is a competent witness for her husband in an action where he is a party. The weight of authority on that question is otherwise. Under such a statute it has generally been held,

that the removal of objection on account of interest, not removing the objection on the ground of public policy, to a wife testifying against her husband when he is a party, she remains incompetent in such cases; and, being incompetent in such cases to testify *against* him, she can not be allowed, where he is a party, to testify *for* him. *Mitchinson* v. *Cross,* 58 Ill. 368; *Barbet* v. *Allan,* 10 Eng. L. & E. 596; *Stapleton* v. *Crofts,* id. 455; *Alcock* v. *Alcock,* id. 354; *Hasbrouck* v. *Vandervort,* 5 Seld. 153; *Kelly* v. *Proctor,* 41 N. H. 139; *Breed* v. *Gove,* id. 452; *Crane* v. *Crane,* 33 Vt. 15.

All these cases are confined to the question of competency of the husband or wife, under such a statute, to testify for or against the other, where such other is a party to the proceeding in question, and they have no bearing upon the question of the competency of the husband or wife to testify, under such a statute, for or against the interest of the other in a case where such other is not a party to the proceeding in question. In fact, in the case of *Crane* v. *Crane, supra,* the Supreme Court of Vermont takes note of the distinction between these two classes of cases, and, referring to *R. and B. R. R. Co.* v. *Lincoln's Estate,* 29 Vt. 208, wherein that court had held the wife of one who was interested in the result of the suit, but who was not a party, to be a competent witness for the party in whose favor was the interest of her husband, that court said of that case: "The husband of the witness was not a party to the suit, although he was interested in its event, * * * and the ground of admission in that case was, she did not come within the rule of exclusion on the ground of policy," and that "the statute had removed the disqualification arising from her interest or that of her husband in the event of the suit."

No case or authority has been cited to support the position that in this case Mrs. Madaus was not a competent witness for the defendant. She does not fall within the rule of exclusion upon the ground of public policy. At common

law the only ground of objection to her was her interest in the result of the action by reason of her husband's interest. That ground having been removed by statute, she was competent, and it was error to exclude her testimony. For this error the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*

Mr. JUSTICE WALKER: I concur in the conclusion reached in this case, but hold, under our statute, that the wife was a competent witness whether her husband was or was not a stockholder. I do not concur in the reasoning of the opinion.

Mr. CHIEF JUSTICE CRAIG: I concur in reversing the judgment, but not in what has been said.

SCOTT and SHELDON, JJ.: Harms was a contractor and builder of the road, and afterwards was superintendent. That being his true relation to the company, he was a competent witness under the statute, and so was his wife. For this reason we concur in reversing the judgment.