# Charles Myers, by his Next Friend,

v.

# T. A. Rehkopf.

*Infancy—Repudiation of Contract—Master and Servant—Costs.*

1. Where the infant rescinds or repudiates his contract because of infancy, the rights of the parties are governed wholly by the law, and not by their contract.

2. In the case presented, the contract was entire for the whole period the plaintiff was to serve. The contract having been repudiated, all that had been paid is upon account of the whole services, including the *rest* in the account provided for by the contract.

3. The statute makes no exception in favor of minors as unsuccessful plaintiffs in the matter of costs.

[Opinion filed February 13, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Mr. W. A. Phelps, for appellant.

T. L. Humphreville, for appellee.

Gary, J. Both parties were witnesses on the trial of this case without a jury in the Circuit Court, and agreed in their testimony that the appellee hired the appellant in March, 1887, at $9 per week, to May 1st following, and $12 per week thereafter; that appellee was to, and did, keep back $25 of the wages before May 1st, as security that appellant would fulfill his engagement; but the appellant testified that the engagement was until August 1, 1887, while the appellee testified it was until May 1, 1888. On this difference it is conceded by appellant that the appellee is so corroborated that the court must take his version.

The appellant admits that, if he were suing for wages, not having fulfilled his engagement, the contract price would not govern, but he could recover only what his services were

worth. Ray v. Haines, 52 Ill. 485. But he insists that the accrued wages left in appellee's hands are to be treated as a deposit of money to that amount, as security for the future, and that as he could then have quit and recovered the $25, it can not be withheld from him on the plea that after May 1st his services were worth only $9 per week, though he was paid $12, and thus apply the principle of *quantum meruit* to the whole period of service.

If the appellee rescinds or repudiates the contract because of infancy, the rights and obligations of the parties are governed wholly by the law, and not at all by their contract, and then the result is that for nearly five months the appellant has received some $14 more than his labor was worth. The contract was entire for the whole period he was to serve, and being repudiated, all that has been paid is upon account of the whole service. The repudiation carries with it the *rest* in the account which the contract provided for.

The argument of the appellant is not in form but to the effect that if a minor is paid partly, or wholly, in advance for work done, he may, after he has done it, recover the whole value. There is no such law. 1 Parsons on Contracts, 321. The court rightly decided for the appellee. The statute makes no exception in favor of minors as unsuccessful plaintiffs in the matter of costs. There is no decision in this State upon the subject. Elsewhere they are numerous, either way. If an exception is to be made, it should be by the Legislature.

*Judgment affirmed.*