JOHN BENSON

v.

CHICAGO & NORTH-WESTERN RAILROAD COMPANY.

*Railroads—Negligence of — Personal Injuries — Crossing — Signals—
Contributory Negligence—Evidence—Instructions.*

1. This court declines to interfere with the judgment for the defendant, in an action brought to recover for a personal injury alleged to have occurred at a crossing through the negligence of a railroad company.

2. It is improper in a personal injury case, to give instructions in behalf of the plaintiff, setting forth that damages should not exceed a sum named.

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an action brought by appellant to recover for damage sustained by being run into by a train on the road of appellee, while driving over a crossing. The place where the accident occurred was on a plain where the track was straight and could be seen for a long distance on either side. A train going west passed, appellant waiting for it to go by. This train had just pulled away from the station when he started to go over, and was struck by a train going east.

There was evidence that the whistle was not blown or bell rung until an instant before the collision.

The jury found for the defendant and the plaintiff appeals.

Messrs. VALLETTE & GRIFFIN, for appellant.

Mr. W. C. GOUDY, for appellee.

WATERMAN, J. With the roar of a passing train drowning all ordinary sounds, it is not strange that signals of the approach of another train, if any were given, were not heard. What clearly appears in the case and what the verdict of the jury must have been based on, is that appellant did not exercise ordinary care.

He was about to go over a railroad crossing with which he was familiar, and past which he knew trains going with great rapidity were to be expected at any moment. With nothing to obstruct his view, he drives upon the crossing, immediately following a passing train; no much more dangerous time in which to go upon the track could have been selected. Was this such diligence as ordinarily prudent men exercise at such

places and times?    The jury thought not, and we see no reason for disagreeing with them.

We do not think that the instruction asked by plaintiff should have been given as asked; the concluding clause thereof, "that if the jury find," etc., "the jury will assess his damages at such sum as the jury shall find from the evidence he has suffered on account of such accident, not exceeding the sum of $10,000," has been condemned in L. S. & M. S. Ry. Co. v. May, 33 Ill. App. 366; C., R. I. & P. R. R. Co. v. Austin, 69 Ill. 426.

The fifth instruction for the defendant is incorrect, but the facts of the case do not, in our judgement, warrant a reversal for the error contained in it.    It is not because the record shows that appellant did not exercise the highest degree of care, but because the record fails to show that he exercised ordinary care, that we do not interfere with the judgment in this case.    Taking the instructions as a whole, in which way they must be considered, we think the jury were not misled to the prejudice of appellant.

The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*