## Henry W. Buck and John J. Walsh v. Eddy Maddock and Katherine Maddock, by their next friend.

1. EVIDENCE—*Repetition of the Same Question Objectionable.*—It is proper to sustain objections to questions which are mere repetitions of those which have been asked and answered.

2. PARTIES—*Next Friend of Minor—Admissions by.*—The next friend of a minor plaintiff is not a party to the suit in such a sense that his admissions or declarations out of court should be received.

3. INSTRUCTIONS—*How Construed.*—Instructions should be construed as a whole and objections which are based upon strained and forced constructions of expressions selected without regard to the context will not be sustained.

4. INTOXICATING LIQUORS—*Action by Child for Death of Father—Exemplary Damages.*—In a suit against a saloon-keeper for causing the intoxication of the plaintiff's father, as a result of which he was killed, proof that such saloon-keeper sold or gave intoxicating liquor to the deceased while he was intoxicated, authorizes the jury to assess exemplary damages.

Trespass on the Case, for selling liquor to plaintiff's father. Error to the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

A. E. DeMANGE and H. W. HALL, attorneys for plaintiff in error H. W. Buck.

W. E. GAPEN, attorney for plaintiff in error Jno. J. Walsh.

J. J. Morrissey and Livingston & Bach, attorneys for defendants in error.

Mr. Justice Wall delivered the opinion of the Court.

The appellees declared against appellants in case, alleging that appellant Buck was the keeper of a dram shop in a house rented him for that purpose by appellant Walsh; that he furnished intoxicating liquors to Edward Maddock, father of appellees, causing him to become intoxicated, in consequence of which the said Maddock went upon a railroad track, and failing to exercise proper care for his own safety, was killed by a passing train. A plea of not guilty was filed and upon trial by jury the issue was found for appellees and their damages assessed at $1,550.

A motion for new trial by appellants was overruled and from the judgment thereupon rendered they have prosecuted this appeal.

The one question of fact material to recovery, as to which the evidence was conflicting, was whether the appellant Buck did furnish the liquor which caused, in whole or in part, the fatal intoxication. A witness, Robbins, testified on behalf of appellees, that he and deceased were in Buck's saloon and that the deceased was furnished ten or fifteen drinks of beer and whisky by Buck. This was between 5:30 and 7 P. M. The witness went away, leaving Maddock there, and the latter lost his life that night. The testimony of this witness is contradicted by one Dunkle, called by the defense, and to some extent by other testimony, including that of Buck himself. It is supported to some extent by corroborating circumstances.

It was shown that Robbins was then under an indictment for burglary, and as to Dunkle, there appeared on his cross-examination some things calculated to impeach him. There was no doubt that the deceased was much given to drink; that he frequented this saloon; that he was there at the time mentioned by Robbins and Dunkle, and that he was there about noon of the same day, and that he was under the influence of liquor that morning. The jury had the oppor-

tunity of seeing the witnesses and so had the trial court, and could determine better than we where the greater credit was due. In view of the evidence as it appears in the record, we can not, according to the well settled, applicable rule, interfere with the verdict on this point.

As to the amount of actual loss of support sustained by appellees; the testimony shows that the deceased fell far short of his duty as a parent. · He had no trade or vocation, and depended on uncertain and irregular employment as a laborer. At and for a short time before his death he was working in a packing house. His elder child was born before marriage, and neither the mother nor children had received such support as they were entitled to, nor as much as he might have given them if his habits had been good. Yet he did not wholly desert them, nor utterly neglect them, and it can not be said there was reason to suppose he would never have done better. The appellees suffered a nominal loss at least. It was to be presumed that he would to some extent discharge the duty he owed them, and it was wholly possible and perhaps not improbable that he would do so to the best of his ability. There was some evidence, which, if believed by the jury, would tend to the conclusion that he so intended.

The jury may have reasonably thought that the appellees were deprived of something substantial in the way of support, prospectively at least. Such would be presumption from a legal standpoint at any rate, and the amount assessed can hardly be considered excessive regarding actual damages only.

But if the jury believed Robbins, there was ground for exemplary damages; for, according to his testimony, the deceased was furnished with liquor by appellant Buck when he was obviously intoxicated. Betting v. Hobbett, 142 Ill. 72.

The brief of appellants presents various objections to the action of the court in admitting evidence, but we find nothing substantial in that respect. For example, it is urged that the court erred in permitting proof that the de-

ceased was industrious when sober, because there was no allegation in the declaration that he was an habitual drunkard, and also in permitting proof of what deceased had done in the way of supporting his wife.

Such proof tended to show the ability and disposition of the man when in a normal condition to discharge his duties to his family. It is urged the court erred in refusing to allow appellants to ask Robbins, on cross-examination, whether he had not been given money by plaintiff's counsel to get his clothes. The question was general. "Didn't you get some money paid to get your clothes here?"—without any limitation as to where, or from whom. He had previously answered several questions on that line, and the court had required one of the questions to be framed so as to state from whom the supposed contribution had come. There was no error in this action of the court, nor in the like ruling on another repeated question as to whether he had not been furnished free drinks at the saloon of a relative of the appellees—he having once answered such a question in the negative. It is within the province of the court to sustain objections to questions which are mere repetitions of those which have been asked and answered.

It is said the trial court erred in refusing proof of admissions made by the mother of the appellees, who was acting as "their next friend" in this suit. She is not a party to the suit in such a sense that her admissions or declarations out of court should be received. She was a witness, and if it was desired to prove that she made the supposed statements by way of impeachment, the proper foundation should have been laid by asking her whether she had so stated, fixing the time and place and persons present. This was not done. The point is not well taken.

Much criticism of the instructions given for plaintiffs is found in the brief, but the objections are mainly based upon a strained and forced construction of some expressions selected without regard to the context. As to the first, it is said that it is dictatorial and mandatory, and coercive— quite a misapprehension, as we think. Another complaint

is that it permits a recovery if the said Maddock died in consequence of his intoxication, when the declaration avers that he was killed, an entirely different matter, as counsel suggests. We are unable to appreciate the force of the objection.

As to the second, the point urged is that it authorizes the jury to assess any damages which they may believe from the evidence the plaintiffs had sustained without a limitation to their loss of support, but the very sentence from which these words are taken is predicated upon an injury to the means of support.

Equally unsubstantial are the objections to the third, fourth and fifth.

As to the sixth, it is urged that it assumes that defendant Buck did sell liquor to Maddock, because the word "the" precedes the words "intoxicating liquor," etc. A further objection is that the instruction assumes that in the death of their father the appellees had sustained damages to an amount in the loss of means of support.

Both objections are too refined for the practical administration of justice.

A third objection urged to this instruction is that it advises the jury they might allow exemplary damages if they found that defendant Buck in person gave Maddock intoxicating liquors when he was already under the influence of such liquors, thereby causing the drunkenness complained of. As applied to the evidence that Buck gave Maddock ten or fifteen drinks of beer and whisky within a period of an hour and a half, during a part of which time "he was under the influence of liquor," the instruction was not improper. Betting v. Hubbett, *supra*. Counsel argued that the phrase "under the influence of liquor" is too vague and is not equivalent to *drunk* or *intoxicated*. This expression is often used as a mere euphemism of those harsher terms and is generally understood to mean the same thing. But were this not so, when the instruction is read in the light of the evidence offered by plaintiff the objection is not tenable. If one plies another with so much drink within so

short a time, the effect being apparent, his action is within the reasoning and principle of the rule as laid down by the Supreme Court in the case cited. In this connection complaint is made of an instruction given by the court on its own motion, to the effect that vindictive or exemplary damages could not be awarded unless the plaintiffs had a case entitling them to actual damages, to which we perceive . no valid objection. If the proof just referred to was credited by the jury they would have been warranted in giving exemplary damages; yet as already observed, it is by no means to be assumed that the verdict necessarily includes such an allowance.

It is urged that the seventh is obscure and that it assumes that the intoxication was the cause of the death, and that there was some injury to the means of support. There is no obscurity, nor any harmful assumption. It was not doubtful that the death was caused by the intoxication, and the instruction in terms limited the recovery to such injury to means of support as was shown by the evidence. To the ninth it is objected that in stating to the jury that it is the duty of a father to support and educate his minor children if able to do so, the instruction tended to advise the jury that there was testimony that the father did support the plaintiffs and was therefore misleading. We think not. Moreover the instructions given at the instance of defendants were very full and positive to the effect that whatever may be the legal duty of a father, these plaintiffs could be allowed only for such loss as they had sustained, in view of the character, habits and ability of their father as shown by the proof. Error is urged upon the modification of two instructions by adding the words "and means of support" after the word "loss," in one, and by adding the words "in whole or in part," after "support" in the other. It is said the first modification blunted the point of the instruction and rendered it meaningless. We see nothing in the objection. It is said as to the second modification that the declaration averred a total loss of support and that this instruction, as so modified, would permit a recovery for a

partial loss of support, which counsel suggests can not be done. The greater includes the lesser; the whole includes a part. As to the first refused instruction the brief answers the objection; the point was embodied in the defendant's third which was given. It is urged the second refused instruction should have been given. The point thereof is sufficiently covered by the last clause of the third and by the seventh and eighth which were given. No further objections are made in the brief.

We have carefully examined the abstract and have referred somewhat to the record, and after thoroughly considering all the points raised we are of opinion no substantial error appears and that the judgment must therefore be affirmed.