### C. H. Locher v. Ludwig Kluga, Adm., etc.

1.  VARIANCE—*Questions of, to be Raised in the Trial Court.*—In a court of review, it is well settled that in order to avail one's self of a variance between the proof and the declaration, the alleged variance must have been specifically called to the attention of the trial court, so that the opposite party may avoid it by an amendment of his pleading.

2.  INSTRUCTIONS—*When to be Reasonably Accurate.*—Where the evidence tends to show a right of recovery, it is essential that the jury be instructed with reasonable accuracy.

3.  SAME—*Permitting a Jury to Assess Damages without Reference to the Evidence in Case they Find for the Plaintiff.*—An instruction

in an action for damages resulting from a death by negligent act, which permits a jury to assess damages in case they find a verdict of guilty, without reference to the evidence, is erroneous because it leaves the jury free to assess damages based upon a reasonable expectation of benefit, as of right or otherwise, which the next of kin (which may include collateral kindred, such as brothers and sisters,) might have received from the continuance of the life of the deceased, without proof that such kindred were in the habit of claiming assistance from the deceased.

4. Same—*Referring to the Amount of the Recovery Limited by the Statute.*—An instruction, in an action for damages resulting from a death by negligence, which tells the jury that the plaintiff can in no event recover more than $5,000 (the statutory limit), is erroneous, but is not reversible error.

5. Self-Defense—*Right to Fire Shots.*—Where a person and his associates, acting as reasonably cautious, prudent men, in good faith believe that their lives are in danger, considering the surrounding circumstances at the time as appearing to them, and that it was necessary to fire shots in order to protect themselves from serious bodily injury, and they do fire shots, under such belief, they will not be liable for the consequences, although a bystander is injured, notwithstanding the fact that the jury might have been justified in believing from the evidence presented that such person and his associates were in no actual danger at the time.

6. Defense of Property—*Other than Dwelling Houses.*—A person is not justified in taking life simply to protect his property (other than his dwelling house), from injury or destruction.

7. Same—*Application of the Law in Criminal Cases to Civil Suits.*— The court sees no reason why the rules applied in criminal cases should not apply with equal force to a civil liability arising out of the same circumstances.

8. Justifiable Homicide—*In Defense of Person, Home, Wife or Children.*—A homicide is justifiable when committed by a person in resisting an attempt to commit a felony upon him or upon his dwelling house, or in the lawful defense of his person or of his wife and children, when there is reasonable ground to apprehend a design to do some great personal injury, and there is reasonable cause for believing that there is imminent danger of such design being accomplished.

Trespass on the Case.—Death from negligent act. Error to the Circuit Court of Cook County: the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed October 24, 1901.

Statement by the Court.— Defendant in error, as administrator of John Kluga, deceased, plaintiff below, began an action to recover damages for the death of his intestate

alleged to have been caused by the plaintiff in error, defendant below. One trial resulted in a verdict of not guilty, but a new trial was granted, and on a second hearing the plaintiff recovered a judgment for $5,000, to review which this writ of error is prosecuted.

The declaration, in substance, charges that on June 15, 1893, the defendant Locher, with several confederates who were employed by and acting under the direction of Locher, wrongfully shot off certain guns and thereby shot and wounded deceased so that he died from the effects of said wound. The plea was the general issue.

At plaintiff's request the court gave, among others, the following instructions, to wit:

"1. The court instructs the jury as a matter of law that only so much force can be used by citizens as is necessary to protect life and property, and in this case if the jury find from the evidence that it was not necessary for the defendant, Locher, or his associates, to assemble at the place of said accident and fire shots in order to protect their lives and property, then the court instructs you as a matter of law that said assembly was unlawful, and each and all members of the party from which shots were fired, and each and all persons who encouraged or instigated said assembly are guilty and liable for the consequences of the acts of said crowd.

" 2. The court instructs the jury as a matter of law that if they believe from the evidence that the deceased, John Kluga, was unlawfully killed at, upon or near the right of way of the Atchison, Topeka & Santa Fe railroad tracks in Will. county, Illinois, while peacefully pursuing his usual employment of a section hand, on the day in question, by some one in a crowd of men, and that said defendant, Locher, was a member of said crowd and aided, abetted or advised the men in said crowd to fire shots, then they must find said defendant guilty. Provided you further believe from the evidence that at the time when the said shots were fired the lives or property of Locher, or those of the men then with him, were not in imminent danger of destruction or serious loss, and that Locher and the men with him at the time of the shooting did not believe or have reasonable grounds to believe that their lives or property were in iminent danger of destruction or serious damage.

4. The court instructs the jury as a matter of law that

in estimating the damages to be awarded the plaintiff, in case they should find from the evidence the issues for the plaintiff, they should calculate in reference to a reasonable expectation of benefit, as of right or otherwise, which the next of kin might have received from the continuance of life of said John Kluga. The parents, and even brothers and sisters, may reasonably expect in many ways to derive pecuniary benefit from the continued life of the intestate, as of grace or favor, if not of right, at any age of life, and our statutes impose the duty of support in the event of their becoming paupers, of parents by child and of one brother or sister by another brother or sister, but the court instructs you, as a matter of law, that in no event can the plaintiff recover more than five thousand dollars."

The court also gave, at the request of the defendant, certain instructions, and was asked to give the following, to wit:

"If you believe from the evidence that C. H. Locher and other persons were in possession of premises and machinery along the sanitary district channel in June, 1893, and that large bodies of men came upon the premises in question for the purpose of interrupting the work of defendant and others by violence, and that the defendant and others, with the assistance of deputy sheriffs, attempted to drive such bodies of men from the premises, and that defendant had no understanding with any other person except that they would defend their premises, and that some person other than Locher shot and killed Kluga, then you will find defendant not guilty."

The court, however, modified it by adding the following words, to wit:

"If you further believe from the evidence that Locher did not aid, abet, encourage or assist the person firing said shot in and about the firing of the same"—and gave it as modified.

J. L. O'DONNELL and PEDRICK & DAWSON, attorneys for plaintiff in error.

CZARNECKI & KORALESKI and MAX A. DREZMAL, attorneys for defendant in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

No claim is made by counsel for plaintiff in error that the evidence was insufficient to go to the jury—only that it varied from the allegations of the declaration. It is a sufficient answer to this contention to say, there was no attempt in the trial, so far as appears from the abstract, to point out the alleged variance. In a court of review it is well settled that to avail of a variance between the proof and declaration, the alleged variance must have been specifically called to the attention of the trial court, so that the opposite party could avoid it by amendment.

The evidence tending to show, as it does, a right of recovery, it is essential that the jury should have been instructed with reasonable accuracy. Chicago City Ry. v. Canevin, 72 Ill. App. 81, and cases there cited.

The first instruction given for plaintiff and quoted in the statement, is erroneous, in our opinion, in assuming, as it does, that Locher or his associates fired shots. There was a conflict in the evidence in this regard, and the jury should have been left free to determine the fact as to whether shots were fired or not by Locher or his associates. Moreover, the instruction is erroneous, because it in effect tells the jury that defendant Locher would be liable for the consequences if the jury believed from the evidence that Locher or his associates fired shots when it was not necessary in order to protect their lives and property. Such is not, in our opinion, the test as to defendant's liability in this case. If the defendant and his associates, acting as reasonably cautious, prudent men, in good faith believed that their lives were in danger, considering the surrounding circumstances at the time appearing to them, and that it was necessary to fire shots in order to protect themselves from serious bodily injury, and they did so fire shots under that belief, which was justified by the circumstances appearing, they would not be liable for the consequences of firing such shots although, as in this case, injury was caused to a bystander. And this is true notwithstanding the fact

. that the jury might have been justified from the evidence presented upon the hearing, in believing that the lives and persons of defendant and his associates were in fact in no actual danger at the time it is alleged they fired shots. They would, however, not be justified in taking life simply to protect their property (not their dwelling houses) from injury or destruction. Campbell v. People, 16 Ill. 17; Maher v. People, 24 Ill. 241; Davison v. People, 90 Ill. 221; Lamb v. People, 96 Ill. 73.

The cases cited above in support of the right to protect life and one's person, are criminal cases, but we see no reason why the rule applied in criminal cases should not apply with equal force to civil liability arising out of the same circumstances, but there is authority in other jurisdictions applying the rule to civil suits.

In the case of Higgins v. Minaghan, 76 Wis. 298, which was an action to recover damages for a gunshot wound inflicted by the defendant during a riot, it was held that the question as to the defendant's liability under the evidence should have been submitted to the jury, and the court say :

" Even a homicide is justifiable when committed by any person while resisting any attempt to commit any felony upon him or upon his dwelling house, or in the lawful defense of his person or of his wife and children, when there shall be reasonable ground to apprehend a design to do some great personal injury, and there shall be reasonable cause for believing that there is imminent danger of such design being accomplished. The defendant was justifiable in acting for his defense according to the circumstances as they appeared to him."

To a like effect, in principle, is the very thoroughly considered case of Morris v. Platt, 32 Conn. 75–83. See also 1 Hilliard on Torts, 200–202, and Bliss v. Johnson, 73 N. Y. 529.

In the Davison case, *supra*, the court holds that a person is not justified in taking life to protect his property from injury or destruction, unless it be his dwelling house.

The second instruction for the plaintiff is bad because it in no way connects the alleged killing of John Kluga with

the defendant Locher, or with any other person who was advised, controlled, aided or directed by him. It also leaves to the jury a question of law, viz., whether Kluga was unlawfully killed.

The fourth instruction for the plaintiff is erroneous, in that it permits the jury to assess the damages, in case they should find a verdict of guilty, without any reference to the evidence; also because it leaves the jury free to assess the damages based upon a reasonable expectation of benefit, as of right or otherwise, which the next of kin (which may of course include collateral kindred, such as brothers and sisters) might have received from the continuance of life of said John Kluga, without proof that such collateral kindred were in the habit of claiming and receiving pecuniary assistance from deceased; also in telling the jury that the plaintiff could in no event recover more than $5,000. This last error may not, of itself alone, be cause for reversal. R. R. Co. v. Swett, 45 Ill. 197–204; City of Chicago v. Scholten, 75 Ill. 470; Holton v. Daly, 106 Ill. 131–8, and cases cited; R. R. Co. v. Austin, 69 Ill. 426; Ry. Co. v. O'Hara, 150 Ill. 580; R. R. Co. v. Woolridge, 174 Ill. 330–4, and cases cited.

In the Holton case, *supra*, the court say :

" If the next of kin are collateral, it is a material question whether they were in the habit of claiming and receiving pecuniary assistance from the deceased. If they were not, they can recover but a nominal sum; but when the relation of husband and wife, or parent and child, exists, the law presumes pecuniary loss from the fact of death."

To the same effect is the latest expression of the Supreme Court in the case of Woolridge, *supra*. In so far as the cases of City of Chicago v. O'Keefe, 114 Ill. 230; Ry. Co. v. Wangelin, 152 Ill. 138, and Ry. Co. v. Then, 159 Ill. 535, relied upon by appellee, can be said to conflict with the other rulings of the Supreme Court, if they do so conflict, they must yield to the later case of Woolridge, *supra*.

We perceive no error in the modification of the defendant's instruction quoted in the statement, and in giving it as modified. The instruction as asked by the defendant

is clearly bad, and the modification as made by the court is as favorable as defendant could ask.

For errors in the instructions noted, the judgment is reversed and the cause remanded.