## Illinois Central Railroad Company v. Oscar Becker, by next friend.

1. NEXT FRIEND—*relation of, to action.* The next friend in an action is not a party to the record, nor a party to the suit, within the meaning of the law with respect to the competency of witnesses.

2. WITNESS—*wife of next friend competent as.* The wife of a party who appears in an action as next friend, is competent to testify therein regardless of whether such next friend is liable or not for the costs arising from the action.

3. HYPOTHETICAL QUESTION—*when objection to, will not avail.* A general objection to a hypothetical question will not avail to raise on appeal the alleged error as to whether such question assumes facts which the evidence does not tend to prove.

4. INSTRUCTION—*when may assume facts.* An instruction may assume well-established and uncontroverted facts.

5. PREPONDERANCE OF EVIDENCE—*when instruction should require proof to be made by.* Notwithstanding the omission is not always fatal, yet instructions should require that proof of facts should be made, by the party upon whom the burden lies, by a preponderance of the evidence.

6. MEASURE OF DAMAGES—*when instruction as to, erroneous.* An instruction on this subject, which leaves it to the jury to find punitive damages, if they see fit, is erroneous, where no question of punitive damages arose in the cause.

7. DAMAGES—*when error to refer in instructions to amount of.* While it is not always reversible error to refer in an instruction to the amount claimed in the declaration, it is always reversible error to do so when the state of the instructions or any other features of the record is such that the jury might be misled by such reference.

Action on the case for personal injuries. Appeal from the Circuit Court of Jackson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

W. W. BARR for appellant; J. M. DICKINSON, of counsel.

W. P. LIGHTFOOT and GEORGE M. HARKER, for appellee; R. T. LIGHTFOOT, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Jackson county, by appellee against appellant, to recover for a personal injury sustained by appellee while a passenger on one of appellant's trains. Trial by jury. Verdict and judgment in favor of appellee for $5,000.

Appellee, the plaintiff, is an infant and commenced and prosecuted his suit by his next friend. The case set up in the declaration is in substance, that appellee was a passenger, for hire, on one of appellant's trains, from Union Station, St. Louis, Missouri, to Makanda, Illinois, and was in the exercise of due care and caution for his own safety; that appellant negligently permitted a ventilator window-sash and pane of glass, in one of the ventilator windows of the coach in which appellee was being carried, to be loose, in consequence of which it fell upon the head of appellee, cutting a gash in his head and causing concussion of his brain and a depression of his skull, whereby he became sick and suffered pain for a long time thereafter, continued to be sick and suffer pain, and became mentally deranged and continues to be mentally deranged. And that by reason of such injuries he has sustained damages to the amount of $30,000. To the declaration appellant pleaded not guilty.

The established and undisputed facts are that appellee, a boy twelve years old, on May 18, 1902, in company with his uncle, was a regular passenger on one of appellant's passenger trains, on his way from Union Station, St. Louis, Missouri, to Makanda, Illinois, and while seated in one of the regular passenger coaches composing the train, was struck upon the bare head by a falling ventilator window consisting of a sash and a pane of glass. The window fell from its place at or near the top of the coach. It was about eight inches wide and about two feet long. Appellee was, at least to some extent, injured. This makes a *prima facie* case in favor of appellee.

No attempt was made on the part of appellant, upon the trial, to explain the cause of the falling of the window, nor to, in any manner, justify or excuse the fact. Upon this state of evidence, appellee not only has a *prima facie* case,

I. C. R. R. Co. v. Becker.

but his right to recover some amount is conclusive. The amount that he should recover is dependent, however, upon the nature, extent and duration of the injury. This was the contested and controverted branch of the case.

Appellee claims and the evidence on his behalf tends to prove, that he was seriously and permanently injured; that the blow cut a gash in his head and caused concussion of his brain and a depression of his skull, from which he became sick and emaciated in body and forgetful and flighty in mind, and that these injuries would probably be permanent. While on the other hand appellant claims and the evidence on its behalf tends to prove, that the injury was very slight, merely nominal; that there was no concussion of appellee's brain nor depression of his skull, that he did not become sick and emaciated in body nor forgetful and flighty in mind, either as a result of the injury complained of, or otherwise, and that he was not in any respect permanently injured.

Appellee's most important witness as to the nature and extent of his injury, was Vienna Becker, wife of Peter Becker who appears in this suit and prosecutes as next friend. The testimony of this witness was objected to by appellant, on the specified ground that she was incompetent to testify as a witness in this case. The court overruled the objections and permitted her to testify. Appellant excepted to the ruling of the court, and assigns it as error, and says: "At common law, neither husband nor wife was a competent witness in any case where the other was a party, either of record or in interest." And that, "our statute on evidence has not changed the common-law rule as to the incompetency of husband and wife, except as to cases coming within some one of the exceptions named in section 5 of that statute." The contention is that Peter Becker who appears in this case as next friend of appellee is a party of record and also a party in interest within the meaning of the common-law rule, that our statute does not enlarge that rule, except in special instances named in section 5 of the act, and therefore the wife of Becker was not a competent witness. Counsel cite in their brief, in support of their contention, the following authori-

ties: Greenleaf on Evidence secs. 327, 329, 330, 334, 335, 347, and 391; Flynn v. Gardner, 3 Ill. App. 253; Miller v. Craig, 16 Ill. App. 133; Mitchinson v. Cross, 58 Ill. 366; Smith v. Long, 106 Ill. 485; Sloan v. Sloan, 184 Ill. 579. And they cite on the oral argument the following additional cases: Sproule v. Botts, 5 J. J. Marshall's (Ky.) Reports 162, and Mason v. McCormick, 75 N. Car. 263. In the text of Greenleaf, the general common-law rule is laid down as contended for by counsel. And it is clear that the rule in Illinois as to the effect of the statute imposes no limit not clearly imposed by the general common-law rule. The question then is do the facts of the case bring it within the operation of the general common-law rule, and hereof counsel assume that Peter Becker, the next friend, is a party to the suit, is a party of record. This assumption is unwarranted. A *procheim ami*, or next friend, by whom a suit is prosecuted in behalf of an infant is merely a manager or conductor of the suit. He is not a party of record, nor a party to the suit in any sense, within the meaning of the common-law rule as to competency of witnesses. The infant is the party, both of record and in interest. Encyclopedia of Pleading and Practice, Vol. 14, page 998. "Such next friend is in the nature of a *guardian ad litem*, the chief difference being that the former is the curator of an infant plaintiff and the latter of an infant defendant. Both are mere agents of the court, appointed either theoretically or in fact by the court, to conduct the business of the suit for the real parties (wards of the court) whom they represent. The suit although attended by a next friend is the suit of an infant." These views as to the relation of a next friend to the record and to the suit, are almost universally accepted as the true views, and are supported by decisions of almost all of the states of the Union, including two decisions of the courts of our own state, viz.: Buck v. Maddock, 67 Ill. App. 466, and the same case in 167 Ill. 219.

Counsel say that a next friend is liable for costs, and therefore he is a party in interest, and hereof counsel, we think, again assume too much. The right to recover costs is purely

statutory.  At common-law there could be no recovery for costs.  Judgments for costs rest upon statutes; and where the legislature has not authorized them, they should not be awarded.  "Statutes imposing costs may be classed among statutes creating liabilities which did not exist at common law, and it has been held that they are to be construed strictly."  Illinois Cyclopedic Digest, vol. 2, page 916; American and English Encyclopedia of Law, first ed., vol. 23, page 399. Our statute as to judgments for costs in suits at law is as follows:  "If any person shall sue in any court of this state in any action, real, personal or mixed, or upon any statute for any offense or wrong immediately personal to the plaintiff, and shall recover any debt, or damage in such action, then the plaintiff or demandant shall have judgment to recover costs against the defendant, to be taxed, and the same shall be recovered, together with the debt or damages, by execution, except in the cases hereinafter mentioned."

"If any person shall sue in any court of record in this state, in any action, wherein the plaintiff or demandant might have costs in case judgment be given for him, and he be non-prosse'd or suffer discontinuance, or be non-suited after appearance of the defendant, or a verdict pass against him, then the defendant shall have judgment to recover his costs against the plaintiff, (except against executors or administrators prosecuting in the right of their testator or intestate) or demandant to be taxed, and the same shall be recovered of the plaintiff or demandant, by like process as the plaintiff or demandant might have had against the defendant, in case judgment had been given for such plaintiff or demandant."  Secs. 7 and 8, chap. 33, Hurd's Revised Statutes, 1903.  In the case of Charles Myers, by his next friend vs. T. A. Rehkopf, 30 Ill. App. 209, the court says:  "The statute makes no exception in favor of minors as unsuccessful plaintiffs in the matter of costs.  There is no distinction in this state upon the subject.  If any exception is to be made, it should be by the Legislature."  In this state a "next friend" is never primarily liable for costs, and never in any event liable unless he

has entered into bond for costs and filled the same in the court in which the suit is instituted.

In this connection counsel suggest that the statute requires the next friend to enter into bond for costs, and that the presumption is that he did so. The statute does not require him to enter into bond for costs but permits the commencement of such suit, without previous authority from the court, upon the next friend entering into bond for costs, or upon his complying with the provisions of the statute authorizing poor persons to prosecute without costs. The record in this case does not disclose that the "next friend" has entered into bond for costs, and if in fact he did do so and if that fact is a material one, appellant ought to have made the record disclose it. It cannot here be presumed against appellee. Wholly independent of whether the next friend in this case was or was not liable for costs, we are of opinion that the greater weight of authority is on the side of the contention that his wife was a competent witness.

It is true that in illustrating the extent and application of the general rule, Greenleaf instances a *procheim ami,* who is liable for costs, as one incompetent to testify. And he lays down the true common-law rule as to husband and wife: "That neither was competent to testify in a case where the other was a party of record or a party in interest."

Upon the question as to whether mere liability for costs is such an interest as will bring a *procheim ami* within the general common-law rule, the authorities are conflicting. We think, however, that both the greater number of decisions and the sounder reason support the position that such an interest does not bring him within the rule. But this is not of controlling importance here.

Upon the question as to whether the wife of a *procheim ami,* though he be liable for costs, is a competent witness, the adjudicated cases, while not very numerous, are almost all on the side of her competency. In this connection it must be borne in mind that a *procheim ami,* next friend, is not a party to the suit, not "a party of record," and that he has no interest of any kind, direct, contingent or collateral in the subject-

matter of the suit; not even the interest of an executor or administrator, who would be allowed a commission on the sum recovered. A *procheim ami* has absolutely no interest in the subject-matter of the suit. The most that can be said is that if he is liable for costs, he has some contingent interest in the result of the suit; and in this state, this contingent interest is quite remote, for if the suit fail, the plaintiff, although an infant, is primarily liable for costs and judgment must be rendered against him therefor and not against his next friend.

As to the state of the law in Illinois, it is conceded by all that but for section 5 of our Evidence Act, section 1 would make a wife as competent to testify in a suit to which her husband was a party either of record or in interest, as any witness would be in any case. Section 5 is: "No husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage." Then follows the enumerated exceptions.

The exact question here has only been before our courts once, and that was in Belk vs. Cooper, 34 Ill. App. 649. In this case the court said: "The only questions of law presented by plaintiff in error, arise upon the ruling of the court in admitting the testimony of Mrs. Cooper, wife of Josiah P. Cooper, who gave a bond for costs as next friend. Under the provisions of the statute we see no objection to the competency of the wife of Josiah P. Cooper; she is not called upon to testify for or against her husband and is not within the inhibition of Sec. 5." The court appears, to some extent at least, to have relied upon Mueller vs. Rebhan, 94 Ill. 142, which it cites, and Gravel Road Co. v. Madaus, 102 Ill. 417. These cases hold, in effect, that the wife is a competent witness in a case to which her husband is not a party of record and in the subject-matter of which he has no interest, although he might in some way be affected by the result of the suit. The cases relied on by counsel for appellant, from 3 Ill. App., and from 58 Ill., and cited *supra,* were both decided before the cases above cited, and in each of them the spouse was a party both of record and in direct interest. The general expressions

used in these opinions avail nothing here. In Miller vs. Craig, 16 Ill. App. 133, the husband had a direct interest in the subject-matter of the suit. He was the principal maker of a note, the suit was against the surety, and one of the defenses was payment. In Smith v. Long, 106 Ill. 485, the husband was a party both of record and in interest. In Sloan v. Sloan, 184 Ill. 579, the wife was a subscribing witness to a will, and her husband was a legatee. None of the cases relied on by counsel for appellant, encroach in the least upon the conclusion reached by the court in 94 Ill. 142 and 102 Ill. 417, supra, as to the state of the law as to the character of case then before the court. And while we ourselves do not endorse a part of the reasoning by which the court then reached its conclusion, we do endorse the conclusion there reached, on the ground that it is in perfect harmony with the language of the statute, and not upon principle in conflict with any decision of either the Supreme or Appellate Court. At common-law a wife was not disqualified, except where her husband was a party of record, or was interested in some way in the subject-matter of the suit. This proposition is well supported by argument and authority in Gravel Road Co. v. Madaus, 102 Ill. 417, supra.

In other states where the statutes are substantially the same as ours, the direct question of whether the wife of a next friend is a competent witness has been decided in favor of her competency in the following cases: Bonett v. Stowell, 37 Vt. 258; Leavitt v. Bangor, 41 Me. 458; Potter v. Stamfli, 2 Kan. 788; Railway Company v. Rexroad, 59 Arkansas 180. Against this, all we have found in this country, is a case in 16 Arkansas, which is discarded by that court in the case last above cited. We have found one English case, more than a hundred and fifty years old, that so holds. The opinion in that case cites no authority and assigns no reason, but it is probably based upon the theory that a next friend was a party of record. That view did prevail in England and to some extent in America a hundred years ago, and a very few of the American states still adhere to it.

During the progress of the trial certain hypothetical ques-

I. C. R. R. Co. v. Becker.

tions were propounded by counsel for appellee, to be answered by expert witnesses whom they had produced for that purpose. Counsel for appellant objected to these questions, the trial court overruled the objections and allowed the questions to stand and the witnesses to answer. This was excepted to and assigned as error. And counsel now contend that each of these questions assumes facts which the evidence did not tend to prove. The only objection interposed, on the trial, to these questions was a general objection. Such objection will not avail, on appeal. "A mere general objection to a hypothetical question, without the statement of any specific ground of objection, will not be reviewed in the Appellate Court." Counsel should have pointed out at the time of making the objection, what facts they claimed were improperly assumed, so the court might rule intelligently, and also that if the court held the objection valid, opposing counsel might have an opportunity to amend or reframe the question.

The only remaining questions we deem it necessary to discuss, are those raised upon the instructions given on behalf of appellee. At the instance of appellee the court gave five instructions. These are all excepted to and error assigned as to the giving of each of them. As to the first and second instructions, we think they state the law with sufficient accuracy to meet the requirements of the pleadings, under the state of evidence disclosed by the record. The first defines with substantial accuracy, the rights of a passenger and the duties of a common carrier, and we see nothing in its structure that under the evidence of this case would make it misleading. The second states what is necessary to make a *prima facie* case in favor of appellee. Counsel for appellant insist that it assumes a number of necessary requisites. It does not assume any requisite fact not fully proven by the uncontroverted evidence. It is not error to assume well-established and uncontroverted facts in an instruction.

The third instruction is in two parts, or paragraphs, and is as follows: "The jury are instructed that in order to entitle the plaintiff to recover in this suit, it is only necessary for

him to prove that he was a passenger for pay in the defen-
dant's train from St. Louis to Makanda; and that he was
struck and injured by the falling of said transom or ventila-
tor window of said car upon his head whilst it was in pos-
session and control of the defendant's servants and while he
was then and there in the exercise of ordinary care for his
own safety as charged in the declaration.

"The burden of proof is then cast upon the defendant to
show in mitigation of damages, or in bar of the action, that
the falling of said ventilator and injury to plaintiff thereby,
if any is shown by the evidence, was not on account of the
fault or negligence of the defendant." The fourth tells the
jury that they are "entitled to award to the plaintiff dam-
ages," etc., "but not exceeding the amount claimed in the de-
claration."

Neither third nor fourth instruction tells the jury that
plaintiff is required to prove any fact by a preponderance of
the evidence, nor does the fifth. This is not always fatal to
an instruction or series of instructions, but it is important
here.

The first paragraph of the third instruction, tells the jury
that in order to entitle plaintiff to recover, it is only necessary
for him to prove certain specified facts. And the second
paragraph casts the burden upon appellant, not only of over-
throwing appellee's *prima facie* case, and defeating his right
to recover even nominal damages by showing that the falling
of the said ventilator was not on account of the fault or negli-
gence of appellant, which is proper; but it goes further and
casts the burden upon appellant to mitigate appellee's claim
of thirty thousand dollars damages, and allows him to do
that in but one way, i. e., by showing that the falling of the
said ventilator and injury to plaintiff thereby, was not on
account of the fault or negligence of appellant. There is no
element of punitive or exemplary damage involved in this
case, and there is not in any true sense, any question of miti-
gation of damage involved. The law permits the recovery of
only actual damages, under the facts of this case, and the bur-
den was upon appellee to prove such damages by a prepon-

derance of the evidence, and he had no right to recover any
more than he did so prove. Appellant had the lawful right
to contest the amount of appellee's damages, and to meet evi-
dence with evidence as to the extent of appellee's injury, and
the burden of proof in this respect was not cast upon him.
The third instruction contains material error.

The reference in the fourth instruction, to the amount
claimed in the declaration, when taken in connection with the
errors in the third and the failure in all three of the series,
hereunder consideration, to require on the part of appellee a
preponderance of the evidence, was error calculated to mis-
lead the jury. While it is not always error to refer in an
instruction to the amount claimed in the declaration, it is al-
ways error to do so when the state of the instructions or of
any other feature of the record is such that the jury might
be misled by such reference. Many cases have been reversed
for this error alone, and such reference in instructions has
been "roundly" condemned in many more. The following are
some of them: C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 426;
Village of Warren v. Wright, 3 Ill. App. 602 (614); L. S.
& M. S. Ry. Co. v. May, 33 Ill. App. 366 (369); Benson v.
C. & N. W. R. R. Co., 41 Ill. App. 227 (229); I. C. R. R.
Co. v. Gilbert, 51 Ill. App. 404 (406); I. C. R. R. Co. v.
Ashline, 56 Ill. App. 475 (477); De La Vergne Refri-
gerating Mach. Co. v. McLeroth, 60 Ill. App. 529 (533); C.
& E. I. R. R. Co. v. Johnson, 61 Ill. App. 464 (470-471);
Locher v. Kluga, 97 Ill. App. 518 (524); The Muren Coal
& Ice Co. v. Howell, 204 Ill. 515 (521-522-523).

For the errors above indicated, the judgment of the Cir-
cuit Court is reversed and the cause remanded.

*Reversed and remanded.*