Lillian Ullrich by William Ullrich, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 17,972.

1. DAMAGES, § 110*—*when not excessive for personal injuries.* A verdict for five thousand five hundred dollars for personal injuries to a girl fifteen years of age caused by street cars, *held* not excessive, it appearing that she was practically confined to her bed for two years after the accident, that her abdomen was swollen and distended and that she was rendered a nervous wreck.

2. INFANTS, § 54*—*when judgment not erroneous as being in favor of next friend.* Where a father sues as next friend for his minor daughter, a judgment is not erroneous as being entered in favor of the next friend for the reason that the language of the judgment order is that plaintiff recover "his said damages * * * together with his costs," the defendant having treated the judgment as in favor of the minor on the appeal and the bond running to the minor.

3. INFANTS, § 66*—*when next friend not liable for costs.* A person suing as a next friend is not liable for costs in case the suit is decided against the plaintiff, where the bond for costs is signed by a stranger to the record and not joined in by the next friend.

4. WITNESSES, § 45*—*when wife of next friend competent witness.* In an action by a next friend for personal injuries sustained by a minor, the wife of the next friend is competent to testify; the question as to the weight of her testimony, because of her interest as mother of the next friend, is for the jury.

5. EVIDENCE, § 282*—*competency of statements in medical books.* It is well established that statements made in medical books are not competent evidence, and quotations therefrom should not be incorporated in questions asked of a medical witness in such a manner as to lead the jury to infer that the attorney propounding same is reading from such books.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

6. APPEAL AND ERROR, § 1506*—*when appellant cannot complain of error in propounding questions on cross-examination of expert witness.* Defendant cannot complain that plaintiff's counsel in propounding questions to defendant's medical expert witnesses on cross-examination gave the jury the impression that he was reading from a medical book, where defendant's counsel on redirect examination of one of the witnesses read from a book handed him at his request by plaintiff's counsel.

7. APPEAL AND ERROR, § 1514*—*improper remarks of counsel.* Refusal of court to grant a new trial for improper remarks of counsel made in arguing questions of law before the court in the presence of the jury, *held* not an abuse of trial court's discretion as to authorize reversal.

Appeal from the Circuit Court of Cook county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 13, 1914. Rehearing denied January 27, 1914. *Certiorari* granted by Supreme Court.

JAMES G. CONDON and CHARLES LeROY BROWN, for appellant; LEONARD A. BUSBY and WARNER H. ROBINSON, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This is a suit for damages on account of personal injuries sustained by the plaintiff through the negligence of the defendant. There was a trial before the court and a jury, a verdict being rendered for five thousand five hundred dollars upon which judgment was entered.

Liability of the defendant for some amount was admitted by it, the accident being due to a collision of two cars, both operated by the defendant, and in one of which plaintiff was riding as a passenger.

The points relied on for a reversal are: First, that the damages are excessive; second, that there was error in permitting the wife of the next friend to testify; third, that there was error in the judgment

in that, as alleged, the judgment treats as the plaintiff, William Ullrich, the father and next friend, and that the judgment should have been in favor of the infant and not in favor of the next friend; fourth, that counsel for plaintiff erroneously made use of medical works in the cross-examination of witnesses, making improper statements distinctly prejudicial to the defendant, under the guise of asking questions, and in making arguments for the admissibility of evidence; and fifth, that there were other errors in the admission of evidence.

## I.

Counsel for both parties have devoted the larger part of their briefs and argument to the first proposition advanced by the defendant, namely, that the damages are excessive. On the part of the plaintiff, who was fifteen years of age at the time of the accident, it is insisted the record discloses that she was confined to her bed for several months after its occurrence, and practically up to the time of the trial, which was nearly two years thereafter; that during the early portion of this period she suffered from almost daily attacks of hysteria and hysterical convulsions, which became worse and more violent until November following the accident, which occurred in August, 1909; that in the former month she was taken to a hospital, where she stayed for a few weeks, from which time the hysterical attacks gradually became less frequent, until about two months prior to the trial, when she was having them only during her monthly periods, and perhaps once besides in each month; that her abdomen was swollen and distended, necessitating almost constant use of hot applications to her stomach; that this condition was diagnosed by one of her attending physicians as peritonitis, and by another as being some injury to the internal organs of the abdomen; that there was also inflammation of the abdomen, and for the greater portion of the time considerable temperature; that the inflammation resulted in a prolapsus of the uterus with

adhesions; that during this time she became greatly
emaciated; that her weight was 153 pounds before
the accident, and 117 pounds at the time of the trial;
that she was by the accident rendered a nervous and
physical wreck.

On the part of the defendant it is claimed to be demonstrated by the evidence that the plaintiff's manifestations of hysteria antedated for a long time the
street car accident; that the expert evidence in the
record is conclusive of the proposition that traumatism, which is defined as external violence producing
bodily injury, is incapable of producing hysteria in a
healthy person; that it is also demonstrated by the
evidence that peritonitis cannot be caused except by
infection, and that the accident in question could not
and did not produce any pelvic infection.

We have carefully read all of the testimony in the
case, both lay and medical, and find it decidedly conflicting as to many material matters. After such careful perusal, however, we are not of the opinion that
the verdict is as alleged, so manifestly against the
weight of the evidence as to require a reversal of the
judgment on that ground. It will be necessary, therefore, to consider the other points raised by the defendant.

## II.

It is urged that there was error in the admission of
the testimony of the mother of the plaintiff because she
was the wife of the father, who appears as next friend
to the plaintiff in the case. The question as to the
weight to be given to her testimony, because of her interest as mother of the plaintiff, was of course one for
the jury. Does the law inhibit her testimony because
she happens to be the wife of the one who sues as next
friend? We think not. It is urged that the next friend
would be liable for costs in the suit if the case were
decided against the plaintiff. We do not so construe
the statute. A bond for costs was given in this case
by a stranger to the record, and was not joined in by

the next friend nor was it required to be. Notwithstanding the assault made by defendant upon the logic of the opinion, we think that in *Illinois Cent. R. Co. v. Becker*, 119 Ill. App. 221, Mr. Justice Creighton has correctly set forth the principles of law governing the question at issue.

### III.

It is next said that the judgment is erroneous because it is in favor of William Ullrich, the next friend. The language of the judgment order is "that the plaintiff do have and recover of and from the defendant *his* said damages of five thousand five hundred ($5,500) dollars in form as aforesaid by the jury assessed, together with *his* costs and charges in this behalf expended and have execution therefor."

The contention is that the use of the word "his" makes the judgment one in favor of William Ullrich, next friend. The point is technical and, in view of the Illinois statute respecting judgments, is untenable. The defendant treated the judgment as in favor of the minor on the appeal. The bond runs to "Lillian Ullrich a minor," etc.

### IV.

It is urged by the defendant that the attorney for the plaintiff in the cross-examination of medical experts whose testimony was taken on behalf of the defendant, indirectly got before the jury statements contained in medical works on questions of hysteria, etc., by improperly incorporating the language taken from such works in questions propounded to such witnesses, and that he also made improper statements distinctly prejudicial to the defendant, under the guise of asking questions and of making argument for their admission. It is said that his conduct was such that the court erred in not granting the motion for a new trial because of it. The answer of the attorney for the plaintiff is that no such statements were introduced in evidence (a proceeding which he admits would be improper), and that the only reference made by plaintiff's counsel to

medical authorities was for the purpose of developing the extent of the witness' knowledge of the subject and the basis of his opinion; that the questions propounded by him came within the rule laid down in *Chicago Union Traction Co. v. Ertrachter*, 228 Ill. 119, viz., that a medical expert may be cross-examined as to the basis of his opinion and as to whether the authorities do not lay down a different rule, and the like.

Counsel for the plaintiff admittedly had medical works before him in court, but we are unable to say that in any question propounded on the cross-examination of defendant's witnesses extracts from the works are incorporated. Defendant's counsel repeatedly objected to plaintiff's counsel "asking questions and giving the impression that he was reading from a book." The former himself, on the redirect examination of one of defendant's witnesses, read from a book handed him at his request by plaintiff's counsel, and in the brief it is said "he was able to find extracts which were decidedly favorable to defendant's theory." As we understand it, these extracts were placed before the jury by incorporating them in questions asked by defendant's counsel. In our opinion he is not in position now to complain that there was reversible error in what is alleged to be a fact, that plaintiff's counsel in asking the question on cross-examination gave the jury "the impression that he was reading from a book."

The rule is well established that statements made in medical books are not competent evidence. We agree also with counsel for defendant in the proposition that that which cannot be accomplished directly should not be done indirectly; that is to say, quotations from so-called authorities should not be incorporated in questions in such a manner as to lead the jury to infer that the attorney propounding same is reading from the so-called authority or text-book.

Complaint is made that in arguing questions of law

before the court, plaintiff's counsel made remarks in the presence of the jury calculated to prejudice them. It has been held in a recent decision that although when counsel is corrected and the jury instructed to disregard improper remarks, the attorney's misconduct ordinarily is not ground for reversal, yet in a clear case courts of review will reverse a judgment for such improper conduct, even though the trial court has sustained objections interposed by opposing counsel. *Appel v. Chicago City Ry. Co.*, 259 Ill. 561. It is said in the case of *West Chicago St. R. Co. v. Annis*, 165 Ill. 475: "It is, however, as held in the *Cotton* case, *supra* (140 Ill. 486), a matter resting in the sound discretion of the trial judge to say when, under all the circumstances of the case, and in view of the counter remarks which may be made and the temper and character of the jury, whether a new trial should be granted or not, and unless it satisfactorily appears from the record that the trial court has abused its discretion in this regard courts of review cannot interfere."

After careful examination of the record we are unable to say that in the refusal to grant a new trial in the present case there was an abuse of discretion by the trial judge.

The remarks which are criticized were not made in an argument to the jury as in the *Appel* case, *supra,* but, as heretofore stated, were addressed to the court.

### V.

We have carefully considered the other questions raised as to the alleged erroneous rulings of the court on the admission of evidence, and are of the opinion that no error was committed on account of which the judgment should be reversed.

The judgment will be affirmed.

*Affirmed.*